Steve M. MITCHELL, Plaintiff,

v.

JOSEPH'S SUPERMARKETS, INC., d/b/a Joseph's Supermarkets and United Food and Commercial Workers Local Union No. 23, Defendant.

Civ. A. No. 86–916.

United States District Court, W.D. Pennsylvania.

April 25, 1989.

Dan P. Wimer, New Castle, Pa., for plaintiff.

Andrew Leger, Jr. and Daniel W. Cooper, Pittsburgh, Pa., for defendant.

## OPINION

DIAMOND, District Judge.

In this action, plaintiff, Steve M. Mitchell ("Mitchell"), alleges that his employer, defendant Joseph's Supermarkets, Inc. ("Joseph's"), breached a collective bargaining agreement and that his union, defendant United Food and Commercial Workers Local Union No. 23 ("the Union"), breached its duty of fair representation. Although the suit was initiated in state court, the defendants removed the case to this court. Presently before the court is the Union's motion for summary judgment. In this motion, the Union alleges that Mitchell failed to commence his action within the applicable statute of limitations. In addition, the Union alleges that Mitchell has failed to state a claim upon which relief can be granted. We will consider both aspects of this motion seriatim and, for the reasons set forth below, the motion will be denied.

## I. BACKGROUND

### A. *Factual History*

The record, viewed in a light most favorable to Mitchell, reveals the following. From the time Mitchell began working in the produce department of Joseph's Supermarket in October of 1983, he belonged to the United Food and Commercial Workers Union, Local No. 23. In the first half of July 1985, Mitchell told his superiors at Joseph's that he wanted to revise his work schedule so he could attend an area technical school. Mitchell was told that Joseph's would accommodate these desires and Mitchell subsequently enrolled in school.

On July 17, 1985, Joseph's informed Mitchell that he was being terminated because he was unable to work his scheduled hours. On the same day, or shortly thereafter, Mitchell filed a grievance with the Union. When it appeared that Mitchell's Union steward in the store, Dave Waddlinger, had not forwarded the first grievance to the Union, Mitchell filed a second grievance with Larry Scott, the Union representative. Despite promises from Scott that Mitchell's claim had merit and could be "fought" for up to two years, the Union never processed either grievance.

Meanwhile, Mitchell applied for and was denied unemployment compensation. At a September 18, 1985, unemployment compensation hearing, Waddlinger appeared and testified for Joseph's. The referee refused to grant benefits to Mitchell. It was at this point that Mitchell "began to suspect that the Union was not protecting his interests".

### B. *Procedural History*

On March 14, 1986, less than six months after he began to suspect that the Union

was not protecting his interests, Mitchell initiated this action, as permitted by Rule 1007 of the Pennsylvania Rules of Civil Procedure, in the Court of Common Pleas of Lawrence County by filing a praecipe for writ of summons. Mitchell then filed his complaint on April 10, 1986. The Union and Joseph's proceeded to remove the case to this court on May 2, 1986, stating in their joint petition for removal that jurisdiction was based upon § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1982).

The Union argues in its motion that Mitchell's claim is time-barred because the claim was not "commenced" properly before the applicable statute of limitations expired. The statute of limitations for breach of contract/duty of fair representation claims is six months. *DelCostello v. International Board of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Assuming Mitchell's cause of action accrued on September 18, 1986, the day of the unemployment compensation hearing, he had until March 18, 1986, to commence his action. Under Rule 3 of the Federal Rules of Civil Procedure, a civil action is commenced "by filing a complaint". Fed.R.Civ.P. 3. The Union points out that Mitchell did not file a *complaint* before the statute ran, and concludes that Mitchell's claim was not commenced in time.

Mitchell responds that this action was commenced properly in state court within the six-month statute of limitations. Mitchell asserts that Pennsylvania rules permit commencement of an action by filing a praecipe for writ of summons. 42 Pa.Cons. Stat.Ann. Rule 1007 (Purdon 1987). He filed such a praecipe on March 14, 1986, four days before the expiration of the statute of limitations. Thus, Mitchell concludes, his filing of a complaint slightly more than six months after his cause of action arose does not bar his suit.

The central issue is this: when plaintiff properly commences his action in state court without filing a complaint within the statute of limitations, and defendant later removes to federal court, is the action time-barred despite plaintiff's compliance with state commencement procedures?

## II. APPLICABLE LAW

In considering a motion for summary judgment, the court must construe the record and inferences drawn therefrom in the light most favorable to the party opposing the motion. *Baker v. Lukens Steel Co.*, 793 F.2d 509, 511 (3d Cir.1986). Summary judgment will be granted only if the moving party demonstrates that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R. Civ.P. 56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986).

### A. *Pennsylvania Commencement and Service Provisions*

Under Pennsylvania law, a plaintiff need not file a complaint in order to commence an action within the statute of limitations. Rule 1007 of the Pennsylvania Rules of Civil Procedure permits a plaintiff to commence an action "by filing with the prothonotary (1) a praecipe for writ of summons". 42 Pa.Cons.Stat.Ann. Rule 1007 (Purdon 1981). Filing such a praecipe effectively tolls the statute of limitations. *Lamp v. Heyman*, 469 Pa. 465, 471, 366 A.2d 882, 885 (1976). Service of the issued writ is required within thirty days of its issuance, 42 Pa.Cons.Stat.Ann. Rule 401(a) (Purdon 1987), yet the writ may be reissued at the plaintiff's request any number of times thereafter. 42 Pa.Cons.Stat.Ann. Rule 401(b)(2) (Purdon 1987).

However, the plaintiff cannot toll a statute of limitations indefinitely. The writ will remain effective only if the plaintiff "refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion". *Lamp v. Heyman*, 469 Pa. 465, 478, 366 A.2d 882, 889–90 (1976). Commencement of an action is nullified if the plaintiff delays notice of suit and subsequently fails to remove barriers to notice within 90 days. *Id.* at 478, 366 A.2d at 889, n. 8. In sum, the plaintiff must make a good faith effort to notify the defendant of the action. *Feher*

*v. Altman,* 357 Pa.Super. 50, 53, 515 A.2d 317, 319 (1986), (requiring "affirmative steps" to provide notice of action to defendant), *appeal denied,* 515 Pa. 622, 531 A.2d 430 (1987).

Despite the simplicity of the writ issued by the prothonotary,[1] a defendant easily can obtain the details of any suit brought against him. Upon receipt of a writ, the defendant immediately can ask the prothonotary to serve the plaintiff with a rule to file a complaint. 42 Pa.Cons.Stat.Ann. Rule 1037 (Purdon 1987). If the plaintiff fails to file a complaint within twenty days of service of this rule, the prothonotary must enter a judgment of non pros against the plaintiff. *Id.* Thus, the defendant need not wait forever for a complaint; to the contrary, the defendant has substantial control over this stage of the litigation. In any event, it is clear that in the Pennsylvania state courts, failure to file a complaint within the statute of limitations is not fatal so long as Pennsylvania's commencement procedures are followed.

B. *Federal Commencement and Service Provisions*

In contrast to the Pennsylvania commencement procedures, the Federal Rules of Civil Procedure state that "[a] civil action is commenced by filing a complaint with the court". Fed.R.Civ.P. 3. The Federal Rules are silent on whether an action can be commenced without a complaint before being removed to federal court. In any case, once an action is commenced in federal court, service upon the defendant must be effected within 120 days of filing. Fed.R.Civ.P. 4(j).

C. *The Statute of Limitations in "Hybrid" Actions*

Actions such as the present one, which involve both a claim against an employer for breach of a collective bargaining agreement and a claim against a union for breach of the duty of fair representation, *see generally Vaca v. Sipes,* 386 U.S. 171, 186, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842, 855 (1967,) are frequently styled "hybrid" actions. *West v. Conrail,* 481 U.S. 35, 36, 107 S.Ct. 1538, 1540, 95 L.Ed.2d 32, 35 (1987). The cause of action is federal, arising under § 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185 (1982), and under the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* (1982). *See Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). Still, the federal courts recognize that jurisdiction is concurrent with the state courts, *Vaca v. Sipes,* 386 U.S. 171, 179, 87 S.Ct. 903, 911, 17 L.Ed.2d 842, 851 (1967). Thus, an aggrieved party may indeed file a hybrid suit in state court.

Due to Congress' failure to articulate a statute of limitations for this cause of action, the Supreme Court in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), held, borrowing from § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1982), that such hybrid suits must be filed within six months of accrual of the cause of action. *Id.* at 169, 103 S.Ct. at 2293, 76 L.Ed.2d at 492. In a later case, however, the Court expressly noted that "the only gap that [the Court] intended to fill in *DelCostello* was the appropriate limitations period". *West v. Conrail,* 481 U.S. 35, 38, 107 S.Ct. 1538, 1541, 95 L.Ed.2d 32, 37 (1987). Thus, the *DelCostello* Court borrowed "no more than necessary" in reaching its result. *Id.* at 39–40, 107 S.Ct. at 1541, 95 L.Ed.2d at 37 (rejecting § 10(b)'s requirement that service, too, occur within the six month statute).

---

**1.** Pennsylvania Rule of Civil Procedure 1351 provides that the writ of summons directed to a defendant is "to be substantially in the following form":

Commonwealth of Pennsylvania
County of _____
(Caption)
To _____
You are hereby notified that _____
(Name(s) of

_____ has (have) commenced an action
Plaintiff(s))
against you.
Date _____

_____
(Name of Prothonotary or Clerk)
By _____
(Deputy)
Seal of the Court
42 Pa.Cons.Stat.Ann. Rule 1351 (Purdon 1987)

## III. DISCUSSION

### A. *Commencement of the Action*

Few courts have considered whether state commencement rules should control an action removed from state court to federal court. Our research reveals that the federal district courts of Pennsylvania which have decided this question have upheld actions commenced in state court according to the Pennsylvania Rules even if later removed. *Bennett v. Consolidated Rail Corp.*, Civil Action No. 88–3337, 1988 WL 94280 (E.D.Pa. Sept. 8, 1988) (LEXIS, Genfed library, Dist file) (action commenced according to state procedures, but in court lacking jurisdiction, nevertheless maintained after removal); *Dravo Corp. v. White Consol. Indus.*, 602 F.Supp. 1136 (W.D.Pa.1985). At least one circuit court of appeals, however, has adopted the position taken here by the Union, i.e., that application of state commencement rules would undermine the goal of uniform national labor procedures. *Cannon v. Kroger Co.*, 832 F.2d 303, 305–06 (4th Cir.1987), *reh'g denied en banc*, 837 F.2d 660 (4th Cir.1988).

While we recognize the importance of this goal, the reasoning of Judge Murnaghan in his dissent from denial of rehearing *en banc* in *Cannon*, 837 F.2d 660 (4th Cir.1988), persuades us to conclude otherwise. In *Cannon*, the Fourth Circuit upheld the dismissal of an action which had been commenced properly in state court, yet without a complaint, before being removed to federal district court. *Cannon v. Kroger Co.*, 832 F.2d 303 (4th Cir.1987). Judge Murnaghan, dissenting from the Court's refusal to hear the case *en banc*, argued that federal pleading rules are not annexed to the substantive cause of action. *Cannon v. Kroger Co.*, 837 F.2d 660, 663–64. He also stressed that the Federal Rules of Civil Procedure and the Supreme Court's own holdings require federal courts to tolerate pre-removal commencement through means other than a complaint. *Id.*, at 664–66. To him, such a practice would respect the rationales for statutes of limitation, i.e., prevention of stale claims

and notice of suit. *Id.* at 666–67. We agree with this analysis.

Notwithstanding the Union's contention to the contrary, it is by no means clear that Congress, or the *DelCostello* Court for that matter, intended that duty of fair representation cases "must be commenced by filing of [sic] a Complaint within six months of the date of the alleged breach". Union's *Brief in Support of Motion for Summary Judgment* at 3. In the words of Judge Murnaghan, the pleading requirements of Federal Rule 3 have not been "annexed" as a condition to hybrid suits. *Cannon*, 837 F.2d at 663. As the Supreme Court noted in *West v. Conrail, supra, DelCostello* merely borrowed the statute of limitations from § 10(b). 481 U.S. at 38, 107 S.Ct. at 1541, 95 L.Ed.2d at 37. Just as the Court "did not intend to replace any part of the Federal Rules of Civil Procedure with any part of § 10(b)", *Id.*, the Court has not required that a hybrid action be commenced according to Federal Rule 3. Thus, *DelCostello* is silent on the method of commencement, and should not be used to read the procedural requirements of § 10(b), including commencement by "complaint", into the substantive federal cause of action discussed there. *See Cannon*, 837 F.2d 660, 663 & n. 5 (4th Cir.1988) (Murnaghan, J., dissenting) (citing 2 Moore's Federal Practice ¶ 3.09[2] at p. 3–84 n. 15 (2d ed. 1987)).

The Federal Rules of Civil Procedure themselves contain a clue pointing to acceptance of state commencement procedures in actions removed to federal court. Federal Rule 81(c) expressly notes that "[t]hese rules apply to civil actions removed to the United States district courts from the state courts and govern procedure *after removal. Repleading is not necessary* unless the court so orders". Fed.R. Civ.P. 81(c) (emphasis added). This rule seems to contemplate the harmonious coexistence of the two procedural systems in the context of removal. The Federal Rules thus should not be used to "disqualify or otherwise penalize litigants whose pleadings satisfied state requirements". *Cannon*, 837 F.2d at 664 (4th Cir.1988) (Murnaghan, J., dissenting). Rather, in our view,

the Federal Rules acknowledge their own limited reach.

 This limited reach of the Federal Rules parallels the general deference to state commencement rules shown by the Supreme Court when similar circumstances arose in the past. In *Herb v. Pitcairn*, 324 U.S. 117, 65 S.Ct. 459, 89 L.Ed. 789 (1945), the Court held that state commencement rules determine whether a case removed to federal court has been commenced properly. *Id.* at 120, 65 S.Ct. at 460, 89 L.Ed. at 791. Elaborating on this theme in a later opinion in the same case, the Court noted that:

> Clearly, ... when process has been adequate to bring in the parties and to start the case on a course of judicial handling which may lead to final judgment *without issuance of new initial process*, it is enough to commence the action within the federal statute.

*Herb v. Pitcairn*, 325 U.S. 77, 79, 65 S.Ct. 954, 955, 89 L.Ed. 1483, 1488 (1945) (emphasis added). In sum, a federal court cannot dismiss an action that doesn't meet federal commencement requirements if the case is so far underway that, at least according to state procedures, no more process is required. In the present case, Mitchell met both of these criteria. He started the case on its "course of judicial handling" by filing his praecipe for writ of summons. As well, no new initial process was required by the time the matter was removed. Indeed, by the time the Union and Joseph's removed the case, they had been served with a complaint.

The Union asserts, however, that allowing Mitchell to commence in state court before removal, but not according to the Federal Rules, will interfere with the federal interest in maintaining uniformity in a national system of labor dispute resolution. While *DelCostello* certainly acknowledged this interest, the Union's emphasis on the point is misplaced. *DelCostello* called for "*relatively* rapid final resolution of labor disputes", 462 U.S. 151, 168, 103 S.Ct. 2281, 2292, 76 L.Ed.2d 476, 491 (emphasis added). Pennsylvania's commencement procedures, like those in the Federal Rules, effectively guard against the prosecution of stale claims, one of two evils remedied by statutes of limitation. The Pennsylvania practice also respects the second major rationale for statutes of limitation, i.e., giving notice of suit to defendants. *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259, 266 (1979).

Here, for example, Mitchell promptly filed and served his complaint even without prodding from a formal request to do so. Had this action been initiated by complaint in federal court, the Union might have waited the full four months allotted by Federal Rule of Civil Procedure 4(j) to receive a complaint. As it happened, the Union received Mitchell's complaint less than thirty days after initiation of the suit. As noted above, in Pennsylvania state court a defendant retains a great deal of control over an action commenced with a praecipe for a writ of summons, *see supra* p. 62, and can force the plaintiff to serve a complaint long before the Federal Rules would require. Thus, permitting the plaintiff who properly has commenced his action before removal to file a complaint slightly after the statute of limitations has expired hardly defeats the relatively rapid resolution of federal labor disputes.

### B. *Failure to State a Claim*

Although styled as a motion for summary judgment, the second half of the Union's motion is couched in the language of a motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). It will be treated as the latter. As such, we accept the well pleaded allegations of Mitchell's complaint as true and may not dismiss the complaint unless Mitchell can prove no set of facts which would entitle him to relief. *Angelastro v. Prudential–Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985) *cert. denied*, 474 U.S. 935, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985).

 The Union claims that Mitchell has failed to state a duty of fair representation claim. This duty is breached when a union's conduct toward a member of the

collective bargaining unit is arbitrary, discriminatory, in bad faith, *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842, 857 (1967); *Findley v. Jones Motor Freight, Div. Allegheny Corp.*, 639 F.2d 953, 957 (3d Cir.1981), or simply perfunctory. *Larry v. Penn Truck Aids, Inc.*, 567 F.Supp. 1410, 1414 (E.D.Pa.1983). The Union properly notes that an aggrieved employee must prove more than negligence or poor judgment in prosecuting a grievance. *Bazarte v. United Transp. Union*, 429 F.2d 868, 872 (3d Cir.1970). Still, if we believe, as we must at this juncture, Mitchell's allegations that the Union utterly failed to prosecute either of his two grievances, Mitchell has indeed made out a claim that the Union has breached its duty of fair representation. For this reason, this aspect of the Union's motion, like the first, is denied.

## CONCLUSION

Because Mitchell's action was timely commenced and because he has stated a valid claim for a breach of the duty of fair representation, the Union's motion is denied.

An appropriate order will follow.

## ORDER OF COURT

AND NOW, this 25th day of April, 1989, for the reasons stated in the opinion filed this day, IT IS ORDERED that the motion of defendant United Food and Commercial Workers Local Union No. 23 for summary judgment be, and the same hereby is, denied.