**Michael JULIANO, et al., Plaintiffs,**

**v.**

**STROEHMANN BAKERIES, INC., et al., Defendants.**

**No. CIV–87–1466C.**

United States District Court, W.D. New York.

April 17, 1990.

David Gerald Jay, Buffalo, N.Y., for plaintiffs.

Morgan, Lewis & Bockius (Steven R. Wall, of counsel), Philadelphia, Pa., for defendant Stroehmann Bakeries.

E. Joseph Giroux, Jr., Buffalo, N.Y., for defendants Local 15080 of the United Steelworkers of America and District 4, United Steelworkers of America, AFL–CIO–CLC.

CURTIN, District Judge.

## BACKGROUND

Plaintiffs Michael Juliano, Timothy Rambler, and Salvatore Sacco were at all relevant times employees of defendant Stroehmann Bakeries, Inc. ("Stroehmann"), and members of defendant Local 15080 of the United Steelworkers of America and defendant District 4, United Steelworkers of America, AFL–CIO–CLC (referred to collectively as "the Union"). They seek confirmation of an arbitration award and charge that the Union breached its duty of fair representation. Presently pending before the court is Stroehmann's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Union has joined in the motion.

## FACTS

Pursuant to the collective-bargaining agreement between Stroehmann and the

Union, an arbitration hearing was held on February 5, 1987, to resolve certain grievances being pursued by the plaintiffs, and the arbitrator subsequently issued an opinion and award on April 6, 1987. On April 25, 1987, the arbitrator issued a clarification of the award pursuant to a request made by the Union on behalf of the plaintiffs. At some point, a dispute arose regarding the amount, if any, that Stroehmann owed the plaintiffs pursuant to the arbitration award.[1] On October 26, 1987, six months after the arbitrator had clarified his award, the plaintiffs delivered to the Sheriff of Erie County and filed with the Clerk for New York Supreme Court in Erie County a "Summons With Notice." That document apprised the defendants that the plaintiffs were seeking confirmation of the arbitration award against Stroehmann, and were charging that the Union had breached its duty of fair representation. *See* Item 14, Exhibit A. It appears that all defendants were personally served with the summons and notice by November 4, 1987. *See* Item 1 at ¶ 1; Item 14 at ¶ 9. On November 20, 1987, the Union, with the consent of Stroehmann, removed the case to this court pursuant to 28 U.S.C. § 1441, and filed a "Demand For Complaint." *See* Items 1–3.

According to plaintiffs' counsel, he and the Union's attorney then agreed that the filing of the complaint could be deferred until he had had the chance to speak with Stroehmann's attorney about the possibility of settling the case, and he subsequently confirmed that understanding in a letter to Stroehmann's attorney dated December 9, 1987. *See* Item 14 at ¶ 8 and Exhibit B. Plaintiffs' counsel and Stroehmann's counsel also discussed the case by telephone on April 6, 1988. *See* Item 14 at ¶ 8 and Exhibit C. Although it is not clear from the record, it appears that Stroehmann's attorney never explicitly agreed to any delay in filing. *See* Item 14 at ¶ 8. With settlement negotiations obviously having stalled at some point, the plaintiffs finally filed a complaint on October 3, 1988. *See* Item 4.

## DISCUSSION

The defendants argue that the plaintiffs' suit is time-barred because they failed to file their complaint with this court within six months of the date on which their claims for relief arose, citing *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), and *Cannon v. Kroger Co.*, 832 F.2d 303 (4th Cir.1987), *reh'g and reh'g en banc denied*, 837 F.2d 660 (4th Cir.1988). *See* Items 5, 9, 16. The plaintiffs argue that the statute of limitations was tolled by their delivery of the summons and notice to the Erie County Sheriff pursuant to New York Civil Practice Law and Rules § 203(b)(5). *See* Item 10 at ¶ 8; Item 14 at ¶¶ 5–6. In the alternative, they argue that the filing of the summons and notice in state court gave both Stroehmann and the Union sufficient notice of their claims so as, effectively, to constitute a complaint. *See* Item 14 at ¶ 10(A).

In *DelCostello*, the Supreme Court, borrowing from Section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b), set a six-month limitation period for initiating so-called "hybrid" Section 301/fair representation claims—actions alleging both that an employer has breached a provision of a collective-bargaining agreement under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and that a union has breached its duty of fair representation in any ensuing grievance-and-arbitration proceedings, a duty implied under the scheme of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*, and enforced through Section 8(b) of the NLRA, 29 U.S.C. § 158(b). Later, in *West v. Conrail*, 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987), the Court held that it would not apply the service provisions of Section 10(b) of the NLRA to a hybrid

---

1. According to one of Stroehmann's memoranda, the dispute arose prior to and continued after the clarification was issued. *See* Item 9, Memorandum of Law at 2. Plaintiffs' counsel asserts in an affidavit that "[i]t is the conduct subsequent to April 25, 1987 of which the Plaintiffs complain." *See* Item 10, Affidavit in Support of Motion at ¶ 7.

claim, holding that service of process should be governed by Rule 4 of the Federal Rules of Civil Procedure. The Court stated that "when the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been 'commenced' in compliance with Rule 3 within the borrowed period." *Id.* at 39, 107 S.Ct. at 1541.

In the present case, the plaintiffs did not act to toll the limitation period until precisely six months after the arbitrator had issued his clarification of the arbitration award. Under New York law, the steps taken by the plaintiffs were sufficient to keep their claim alive. New York Civil Practice Law and Rules § 304 (McKinney 1972) provides that "[a]n action is commenced and jurisdiction acquired by service of a summons." Section 203(a) (McKinney 1972) states that "[t]he time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed." Section 203 (McKinney Supp.1990) also provides in relevant part:

(b) *Claim in complaint.* A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when:

5. The summons is delivered to the sheriff of that county outside the city of New York or is filed with the clerk of that county within the city of New York in which the defendant resides, is employed or is doing business, or if none of the foregoing is known to the plaintiff after reasonable inquiry, then of the county in which the defendant is known to have last resided, been employed or been engaged in business, or in which the cause of action arose; or if the defendant is a corporation, of a county in which it may be served or in which the cause of action arose; provided that:

(i) the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision....

As indicated above, the summons and notice were served on all defendants within a few days of their delivery to the Erie County Sheriff. New York law does not require that a complaint be served with a summons, allowing a plaintiff instead to provide notice with the summons of the nature of the action and of the relief sought. *See* N.Y.Civ.Prac.L. & R. §§ 305(b), 3012 (McKinney Supp.1990).

In contrast, Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." The federal rules do not explicitly address the issue of whether an action can be commenced without a complaint if, as in the present case, it originates in a state court but is subsequently removed to federal court. In *DelCostello*, the Supreme Court did not expressly indicate whether a plaintiff in a hybrid claim must file a complaint in order to toll the limitation period.

There is a split in the little authority on this point. In affirming the dismissal of a complaint as time-barred in *Cannon v. Kroger Co., supra,* the United States Court of Appeals for the Fourth Circuit held that a plaintiff must file a complaint in accordance with Rule 3 of the Federal Rules of Civil Procedure in order to toll the limitation period. The court reasoned that the goal of establishing uniform national procedures stressed by the Supreme Court in *DelCostello* would be severely undermined if alternative means of computing elapsed time were available under state procedural rules. 832 F.2d at 305–06. The court also relied on the Supreme Court's decision in *West,* stating, "[a]fter *West,* there can be no question that commencement of a 'hybrid' claim brought in district court is to be assessed in accordance with the Federal Rules of Civil Procedure." *Id.* at 305. One judge dissented from the panel's holding, noting that the general rule in removal cases is that the law of the jurisdiction where an action was commenced will determine the question of when it was commenced. 832 F.2d at 306 (Smalkin, J., dissenting). He concluded: "Uniformity, im-

portant as it is, should not oust a plaintiff from a federal court with subject matter jurisdiction, where she in good faith commenced her action in a state court, also with subject matter jurisdiction, in accordance with all that was required of her under state law." *Id.* at 307.

In a strongly worded dissent from the Fourth Circuit's denial of a rehearing, Judge Murnaghan criticized his colleagues for what he characterized as a "dangerous error that may entrench a mischievous and unjust decision." 837 F.2d at .660. That criticism was followed by a detailed and well-reasoned explication of what he believed to be the deficiencies of the majority's opinion. *See id.* at 660–70. He argued that the pleading requirements of Rule 3 simply have not been annexed to the substantive federal law governing hybrid actions by either Congress or the Supreme Court. *Id.* at 663–64. He also demonstrated how established federal law and the interest of comity required that a federal court must honor state-court rules governing the commencement of civil actions when an action is first brought in state court and subsequently removed to federal court, even though the cause of action arises under federal law. *Id.* at 664–66. He further explained how the application of state procedural rules to hybrid actions brought in state courts would not undermine the uniformity sought by the Supreme Court. *Id.* at 666–67.[2]

Two other published decisions have addressed the issue since *Cannon*, and, citing Judge Murnaghan's dissent approvingly, both have held that plaintiffs who comply with state commencement procedures are not time-barred from continuing their actions after removal to federal court. *See Winkels v. George A. Hormel & Co.*, 874 F.2d 567 (8th Cir.1989) (action commenced pursuant to Minnesota law); *Mitchell v. Joseph's Supermarkets, Inc.*, 712 F.Supp. 59 (W.D.Pa.1989) (action commenced pursuant to Pennsylvania law).

The court does not consider an extended discussion of this issue necessary. The court finds Judge Murnaghan's exhaustive opinion to be persuasive, and thus adopts its reasoning here. The court simply adds that the holding in *West* does not dictate a contrary result. Although in that case the Supreme Court held that commencing a hybrid action in federal court in accordance with Rule 3 of the Federal Rules of Civil Procedure will toll the six-month limitation period, it did not hold that commencing such a claim in state court in accordance with state procedural rules would not likewise toll the limitation period. On the contrary, the Court expressly noted that "when it is necessary for us to borrow a statute of limitations for a federal cause of action, we borrow no more than necessary." 481 U.S. at 39–40, 107 S.Ct. at 1542. As noted by Judge Murnaghan, *"West*, by explicitly narrowing the holding in *DelCostello*, counsels *against* reading additional procedural requirements into the underlying substantive law." 837 F.2d at 668 (emphasis added).

Furthermore, Stroehmann's claim that it was the complaint filed in federal court that "for the first time set forth the factual bases for the claims against Stroehmann and the Union," Item 9, Memorandum of Law at 3, is also unpersuasive. In fact, the factual allegations and legal claims in the complaint virtually mirror the information contained in the summons and notice that had been served on Stroehmann and the Union nearly a year before. Furthermore, the facts of this case indicate that the defendants were well aware of the underlying dispute that led the plaintiffs to seek judicial redress. Consequently, there is no merit to the defendants' claim that the summons and notice did not adequately apprise them of the plaintiffs' claims. Although not teeming with detail, the summons and notice did satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 8(a), (e), (f). *See also* Fed.R.Civ.P. 84. The court notes that the defendants, upon receiving a

---

**2.** He also argued that, in any event, the panel's earlier holding should not be applied retroac-

tively. 837 F.2d at 669–70.

complaint so similar to the summons and notice they had received previously, did not move for a more definite statement under Federal Rule of Civil Procedure 12(e) before answering.

In sum, the court finds that the plaintiffs' compliance with New York's procedural rules for commencement of a civil action was sufficient to toll the running of the six-month limitation period for hybrid Section 301/fair representation claims. The defendants' motion to dismiss is, therefore, denied.

A telephone conference shall be held with counsel on May 4, 1990, at 3:00 p.m., with Buffalo counsel attending in chambers.

So ordered.