**Jerrell WILLIAMS, Plaintiff,**

v.

**RELATED MANAGEMENT CORP., Defendant.**

**No. 92 Civ. 0232 (JES).**

United States District Court, S.D. New York.

Sept. 27, 1993.

Jerrell Williams, pro se.

Grotta, Glassman & Hoffman, P.A., New York City (Kenneth J. McCulloch, of counsel), for defendant.

### MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Defendant Related Management Corp. ("Related") brings this motion for summary judgment pursuant to Fed.R.Civ.P. 56 based on Williams's failure to commence this action before the expiration of the statute of limita-

tions. For the reasons that follow, defendant's motion is granted.

## BACKGROUND

From on or about August 10, 1986 to on or about March 4, 1987, plaintiff Jerrell Williams ("Williams") was employed by defendant Related as a maintenance superintendent. *See* Title VII EEOC Charge, Affirmation of Kenneth J. McCulloch dated October 2, 1992 ("McCulloch Aff."), Ex. A. On October 20, 1987, Williams filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR") and the federal Equal Employment Opportunity Commission ("EEOC") against Related, claiming unlawful, discriminatory employment practices because of his race and color. *Id.* On March 22, 1991, the NYSDHR found that Williams had abandoned the complaint and dismissed Williams's charge for "administrative convenience" because it had been unable to contact him by telephone or by mail. *See id.* Ex. B.

Thereafter, on May 20, 1991, Williams received from the EEOC a right-to-sue notice, in which the EEOC stated that it had dismissed Williams's claim for failure to respond. *See* McCulloch Aff. Ex. C. The notice did not identify the forum in which Williams might sue, but it did advise him that he "must do so within 90 days" or that right would be lost. *Id.*

On May 23, 1991, Williams applied in the Supreme Court of the State of New York, County of New York, for a Poor Person's Order to enable him to obtain a state court index number without having to pay the customary charge of $170. *See* Affirmation of Jerrell Williams dated December 14, 1992 ("Williams Dec. Aff.") Ex. A at 4–5. On June 24, 1991, New York Supreme Court Justice William P. McCooe granted Williams's application. *Id.* at 2–3. Williams thereafter obtained index number 42716 in the New York Supreme Court on June 27, 1991. *Id.* at 12.

Williams claims that he filed the EEOC right-to-sue notice in the state court proceeding. Affirmation of Jerrell Williams filed July 15, 1992 ("Williams July Aff.") ¶ 2. A review of the record obtained from the state court shows, however, that no right-to-sue notice was filed in the New York Supreme Court. *See* Williams Dec. Aff. Ex. A. Moreover, although the New York Supreme Court file under that number apparently contains a copy of Williams's charge filed with the NYSDHR and the EEOC and the NYSDHR Determination and Order After Investigation, *id.* at 6–10, the state court file does not contain a Title VII complaint, nor has Williams alleged service of a summons or complaint on defendant.

■ Some time after May 23, 1991, Williams consulted an attorney who informed him that he "had filed this action in the wrong court." Williams Dec. Aff. at 1. Over six months after receiving the right-to-sue notice, on December 12, 1991, Williams filed a Complaint in the office of the *pro se* clerk in the United States District Court for the Southern District of New York,[1] claiming that he was terminated in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

On April 28, 1992, defendant moved to dismiss Williams's Complaint pursuant to Fed.R.Civ.P. 12(b) on the ground that Williams had failed to file his Complaint within ninety days after receiving his right-to-sue notice from the EEOC. The Court denied defendant's motion to dismiss without prejudice because of Williams's allegation that he had commenced an action against Related in New York Supreme Court on May 23, 1991 that justified an equitable tolling of the statute of limitations. *See* Williams July Aff. ¶ 2. The state court record has since been fully explored, and defendant now moves for summary judgment pursuant to Fed.R.Civ.P. 56 on the grounds that Williams cannot show that he commenced any Title VII action against Related before the expira-

---

1. Although Williams delivered his *pro se* complaint to the office of the *pro se* clerk on December 12, 1991, that complaint was not filed with the Clerk of Court until January 13, 1992. Under *Toliver v. County of Sullivan,* 841 F.2d 41 (2d Cir.1988), however, the relevant date for the purpose of determining compliance with the statute of limitations is the date that the *pro se* plaintiff delivered the complaint to the office of the *pro se* clerk.

tion of the statute of limitations and that, in any event, equitable tolling is not justified in this case.

## DISCUSSION

Summary judgment may be granted only where "there is no genuine issue as to any material fact" and a party is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, this Court is not to weigh evidence and make credibility findings, but rather to determine whether or not there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). As the Supreme Court stated in *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), however, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S.Ct. at 1356. Summary judgment on the basis of the expiration of a statute of limitations is thus appropriate where the plaintiff fails to show the existence of any genuine issue of fact relating to the statute of limitations defense.

Title VII provides that within ninety (90) days after the issuance of a right-to-sue notice, "a civil action may be brought against the respondent." 42 U.S.C. § 2000e–5(f)(1). Williams received his right-to-sue notice on May 20, 1991. Williams July Aff. ¶ 1. Therefore, in order to preserve his right to bring suit against his employer, Williams must have commenced suit by August 18, 1991.

Williams argues that he did commence an action before that date, to wit on May 23, 1993, in New York Supreme Court and that his filing in "the wrong court," *id.* ¶ 3, on May 23, 1993 should have effected an equitable tolling. This argument fails as a matter of law because no rational jury could find that Williams commenced a Title VII action against Related in New York Supreme Court on May 23, 1991 or at any time during the ninety day period and because, even if he had filed such an action, there is no basis to toll the statute of limitations on any subsequent filings because New York Supreme Court is not "the wrong court."

█ First, although Williams claims that he filed an action for discriminatory employment practices against Related in New York Supreme Court on May 23, 1991, he has failed to come forward with any evidence that even raises an issue of fact as to whether he commenced any action against Related in state court. At the time Williams claims to have instituted that state court Title VII action against Related, the New York Civil Practice Rules and Regulations provided that a civil action was "commenced . . . by service of a summons." N.Y.Civ.Prac.L. & R. § 304 (McKinney 1990). Mere filing of a summons or complaint does not constitute an action pending against the defendant. *See Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232, 234, 448 N.E.2d 86, 88 (1983); *Potter v. Potter*, 104 Misc.2d 930, 430 N.Y.S.2d 201, 204 (1980). Since Williams has not shown, or even alleged, that he served a summons on defendant on or before August 19, 1991, there is no state civil action to serve as the predicate on which this Court could base an equitable tolling.

Indeed, on the facts presented by Williams, no rational jury could find that Williams even filed a Title VII claim with the Clerk of the New York Supreme Court. As the state court record shows, none of the documents filed in New York Supreme Court in connection with a dispute with Related had the effect of commencing a Title VII action. Plaintiff's state court filings include (1) an Affidavit in Support of Application to Commence Action as a Poor Person of Jerrell Williams dated May 23, 1991, (2) a Poor Person's Order dated June 24, 1991 allowing Williams to obtain an index number without having to pay the customary charge of $170, (3) an application for an index number dated June 27, 1991, (4) a copy of Williams's charge filed with the EEOC and the NYSDHR, and (5) the NYSDHR Determination and Order After Investigation. *See* Williams Dec. Aff. Ex. A.

None of these documents in the official state court file constitutes a complaint,[2] nor did Williams take any other action which put Related on notice that Williams was instituting an action against it until he filed his Complaint in this action in the office of the *pro se* clerk of this Court on December 12, 1991, almost four months after the ninety day statute of limitations had expired.

 Moreover, even assuming, *arguendo*, that Williams did commence a Title VII action in New York Supreme Court, no basis for equitable tolling exists. Since the New York state courts have concurrent jurisdiction over Title VII claims, *Yellow Freight Systems v. Donnelly*, 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 884 (1990), this case, if one was filed, was pending and was not brought in the wrong court. No other basis for equitable tolling has been set forth. Plaintiff admits receiving the EEOC right-to-sue letter on May 20, 1991, and thus cannot even colorably claim that he had not received notice of his right to sue. *See, e.g., Coles v. Penny*, 531 F.2d 609 (D.C.Cir.1976).[3] Nor is this a case where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, *see Harris v. Walgreen's Distribution Center*, 456 F.2d 588, 591 (6th Cir. 1972); or where the Court has led the plaintiff to believe that he has done everything required of him, *see Carlile v. South Routt School District RE 3–J*, 652 F.2d 981 (10th Cir.1981); or where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. *See Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959); *Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2nd Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985).

Finally, this is not a case where the plaintiff brought a timely action in "a state court having jurisdiction" that was dismissed for the technical mistake of improper venue. *See Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 434–35, 85 S.Ct. 1050, 1058, 13 L.Ed.2d 941 (1965). It follows that to permit equitable tolling on facts such as these would not be consistent with the view expressed in *Burnett* that tolling only be granted where a plaintiff has for some reason been prevented from asserting his rights. *Burnett*, 380 U.S. at 429, 85 S.Ct. at 1055.

### CONCLUSION

For the reasons stated above, defendant's motion for summary judgment shall be and hereby is granted. The Clerk of the Court is directed to enter judgment accordingly and to close the above-captioned action.

It is **SO ORDERED**.

**2.** Although Williams alleged in his July 15, 1992 affidavit that he filed his right-to-sue notice in state court, Williams July Aff. ¶ 2, the state court record, as he submitted it, does not support this allegation. Nevertheless, even assuming, *arguendo*, that Williams is correct in his assertion that he filed his right-to-sue notice in New York Supreme Court on May 23, 1991, as a matter of law, a right-to-sue notice, is not and cannot be treated as the functional equivalent of a complaint. *Baldwin County Welcome Center v.*

*Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

**3.** For this reason, plaintiff's reference in his affirmation in response to the motion for summary judgment to a copy of an envelope postmarked in 1990 from the NYSHDR that is addressed to plaintiff and stamped "return to sender" is irrelevant. *See* Williams Dec. Aff. Ex. D.