**Robert V. KROUSE, Plaintiff,**

v.

**AMERICAN STERILIZER COMPANY, Defendant.**

Civ. A. No. 93–313 Erie.

United States District Court, W.D. Pennsylvania.

Nov. 25, 1994.

Wayne G. Johnson, Gifford, Lay & Johnson, Erie, P.A, for plaintiff.

---

Douglas G. Smith, Andrea R. Clark, Jackson, Lewis, Schnitzler & Krupman, Pittsburgh, PA, Stephen X. Munger, Lisa A. Schreter, Jackson, Lewis, Schnitzler & Krupman, Atlanta, GA, for defendant.

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, District Judge.

Plaintiff Robert V. Krouse ("Krouse") has filed this action against Defendant American Sterilizer Company ("AMSCO") alleging that AMSCO violated the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"). Presently pending before this Court is AMSCO's Motion to Dismiss and Krouse's Motion for Sanctions.

For the reasons set forth below, both motions will be denied.

### I. BACKGROUND

The essential facts relevant to these motions are set forth in the parties' pleadings and are not in dispute. After suffering a work-related injury to his back, Krouse filed a charge with the EEOC alleging, inter alia, that AMSCO violated ADA by refusing to consider Krouse's request and proposal for reasonable work accommodations and by arbitrarily changing his job classification and shift assignments due to his disability.

On or about July 8, 1993, Krouse received a determination letter and notice from the EEOC informing him that the agency had concluded its processing of the charge and advising that Krouse could pursue the matter further by filing a private lawsuit within ninety days of the effective date of the determination letter. Acting pro se, Krouse filed a Praecipe for Writ of Summons in the Erie County, Pennsylvania, Court of Common Pleas on September 24, 1993, within ninety days of having received his "right-to-sue notice" from the EEOC. Krouse subsequently filed his Complaint in Common Pleas Court on October 21, 1993. The Complaint was served on AMSCO the following day, 105 days after Krouse had received his right-to-sue notice.

After removing the case to this Court, AMSCO filed its Motion to Dismiss on the ground that Krouse's ADA claim is barred by the applicable statute of limitations. AMSCO argues that the state court praecipe and writ did not toll the limitations period and that, in order to preserve his ADA claim, Plaintiff was required to file a complaint in conformity with Rule 8(a) of the Federal Rules of Civil Procedure within ninety days of receiving the right-to-sue notice. Krouse has filed a memorandum in opposition to AMSCO's Motion to Dismiss and has moved for sanctions against AMSCO to recover his costs in defending the motion.

### II. STANDARD OF REVIEW

AMSCO has predicated its motion on Rule 12(b)(6) of the Federal Rules of Civil Procedure. Krouse maintains that the motion is more properly treated as a motion for judgment on the pleadings. The precise characterization of AMSCO's motion is not material, however, since the standard of review is similar under either designation. *See Society Hill Civil Ass'n v. Harris,* 632 F.2d 1045, 1054 (3d Cir.1980). Namely, this Court must accept the facts presented in the pleadings, as well as all reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party and may not dismiss the Complaint unless it appears that Plaintiff can prove no set of facts entitling him to relief. *Id. See also Angelastro v. Prudential–Bache Securities, Inc.,* 764 F.2d 939, 944 (3d Cir.1985), *cert. denied,* 474 U.S. 935, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985).

### III. DISCUSSION

The parties to this action agree that the relevant statute of limitations provision governing ADA claims is found in Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(f)(1). This is mandated by Section 107(a) of ADA, 42 U.S.C. § 12117(a) which specifically provides that:

> [t]he powers, remedies, and procedures set forth in sections ... 2000e–5 ... of this title shall be the powers, remedies, and procedures this subchapter provides to ... any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promul-

gated under section 12116 of this title ... concerning employment.

*See also Kent v. Director, Mo. Dept. of Elem. & Sec. Educ.,* 792 F.Supp. 59 (E.D.Mo.1992) (ADA case construing 42 U.S.C. § 2000e–5 and holding that receipt of a right-to-sue letter under that section is a statutory prerequisite to private action), *remanded without op.,* 989 F.2d 505, 1993 WL 72395, 1993 U.S.App. LEXIS 4813 (8th Cir.1993). Section 2000e–5(f)(1) establishes a 90–day period in which to file a private lawsuit, commencing from the date that the EEOC provides notice of its dismissal (or other disposition) of an administrative charge.

In support of its motion to dismiss, AMSCO argues that the only means of initiating an action under Title VII or ADA is to file a complaint in conformity with Rule 8(a) of the Federal Rules of Civil Procedure. (Defendant's Memorandum of Law in Support of its Motion to Dismiss, hereinafter "Def. Mem.," pp. 7–8, 10; Defendant's Reply Memorandum, pp. 2 and 7.) AMSCO contends that the state court writ of summons failed to satisfy the requirements of Rule 8(a), because it did not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and because the writ failed to give AMSCO notice of either the nature or grounds of Plaintiff's claim. (Def. Mem., pp. 7–8.) Thus, it is AMSCO's position that, because Krouse failed to file a Federal Rule 8(a) complaint within the statutory 90–day period, his ADA claim is now time-barred. (Def. Mem., pp. 10–11; Def. Reply Mem., pp. 6–7.) This Court finds that, for several reasons, AMSCO's argument is not well taken.

We begin with the observation that the relevant statute of limitations provision, § 2000e–5(f)(1), contains no reference at all to a "complaint," much less a Federal Rule 8(a) complaint. Rather, that section provides in relevant part:

> If a charge filed with the Commission ... is dismissed by the Commission ... the

Commission ... shall so notify the person aggrieved *and within ninety days after the giving of such notice a civil action may be brought* against the respondent named in the charge ... by the person claiming to be aggrieved ...

42 U.S.C. § 2000e–5(f)(1) (emphasis supplied). Thus, the statute requires only that a *civil action be brought* within the 90–day limitations period, but it does not specify the manner of commencing the "civil action." As an initial matter, then, nothing in § 2000e–5(f)(1) itself rules out the commencement of an ADA action by the means employed by Plaintiff.

Furthermore, despite the short history of ADA and the relative scarcity of ADA case law, it appears to be solidly established that state courts have concurrent jurisdiction over ADA cases. In *Yellow Freight Sys., Inc. v. Donnelly,* 494 U.S. 820, 821, 110 S.Ct. 1566, 1567, 108 L.Ed.2d 834 (1990), the United States Supreme Court considered Section 706(f)(3) of Title VII, as amended, 42 U.S.C. § 2000e–5(f)(3),[1] and determined that "Congress did not divest the state courts of their concurrent authority to adjudicate [Title VII claims]." The Court reasoned that, in order to give federal courts exclusive jurisdiction over a federal cause of action, Congress must affirmatively divest state courts of their presumptive concurrent jurisdiction, and Congress did not do this in enacting Title VII. *Id.* at 823, 110 S.Ct. at 1569.

This holding has been extended, both explicitly and implicitly, to claims asserted under ADA. *See e.g. Berlongieri v. Illinois Cent. R.R. Co.,* 3 Am. Disabilities Cas. (BNA) 1193, No. 94 C 980, 1994 WL 445462 at *2, 1994 U.S.Dist. LEXIS 11353 at *4 (N.D.Ill. August 12, 1994) ("[s]ince state courts have concurrent jurisdiction with federal courts for adjudicating Title VII claims brought by employees under 42 U.S.C. § 2000e–5(f) ... state courts also have concurrent jurisdiction over ADA claims"); *Jones v. Illinois Cent. R.R. Co.,* 859 F.Supp. 1144, 1145 (N.D.Ill. 1994) (noting that in *Yellow Freight* "a unani-

---

1. Section 2000e–5(f)(3) contains the "enforcement provisions" of Title VII and states: "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." This provision is made applicable to ADA actions by 42 U.S.C. § 12117(a).

mous Supreme Court has held that the state courts have concurrent jurisdiction ... for the adjudication of Title VII claims ... That being so, it necessarily follows that the state courts have concurrent jurisdiction over ADA claims as well"). *See also Lilliback v. Metropolitan Life Ins. Co.*, 94 Ohio App.3d 100, 113–115, 640 N.E.2d 250 (Mont. Cty. March 30, 1994) (adjudicating ADA claim and holding that ADA does not create a civil right to promotion merely by virtue of employee's disability, nor does it require the employer to make accommodations which the employee could have made himself).[2]

Thus, there is nothing in 42 U.S.C. § 2000e–5(f) or the supporting case law which either expressly or impliedly proscribes Krouse's commencement of this ADA action by filing a praecipe for writ of summons in the proper Pennsylvania state court.

The Court will next consider the precise basis of AMSCO's argument in favor of dismissal and the authority on which it relies. As an initial matter, AMSCO appears to take issue with the proposition that state courts have concurrent jurisdiction over ADA claims, although it cites no authority for its position.[3] To the extent that AMSCO maintains that state courts do not have jurisdiction over ADA claims, this Court disagrees based on the authorities previously cited.

Nevertheless, AMSCO apparently does not dispute the fact that the Pennsylvania Rules of Civil Procedure recognize the commencement of an action by filing a praecipe for writ of summons with the Prothonotary. *See* Pa.

R.C.P. No. 1007, which expressly permits a civil action to be commenced "by *filing* with the prothonotary (1) *a praecipe for a writ of summons,* or (2) a complaint." (Emphasis supplied.) Further, AMSCO does not contend that the subject praecipe in any respect failed to comply with the Pennsylvania rules governing the commencement of state court actions by that method, nor does AMSCO dispute the fact that Plaintiff's praecipe was filed within the 90–day limitations period.

Instead, AMSCO extrapolates from several federal cases a rule of law that Title VII (and therefore, ADA) actions may be commenced *only* by filing a complaint in conformity with Fed.R.Civ.P. 8(a). AMSCO reasons that the writ at issue here was defective because it did not contain a short and plain statement showing Plaintiff's entitlement to relief and informing AMSCO of the nature of the claims asserted against it. This argument, however, contains many problems.

First, this Court finds no sound basis to conclude that a Federal Rule 8(a) complaint is required in order to initiate a state court action over which the state court has proper jurisdiction, and AMSCO cites no persuasive authority in support of this proposition. In fact, with the exception of *Cannon v. Kroger Co.*, 832 F.2d 303 (4th Cir.1987), *reh'g denied en banc*, 837 F.2d 660 (4th Cir.1988), all of the cases cited by AMSCO [4] involve Title VII actions *filed initially in federal court,* where the Federal Rules unquestionably govern both the method of commencing a civil action and the form and content of the plaintiff's

---

**2.** Additional support for the proposition that state courts have concurrent jurisdiction over ADA claims can be found in 42 U.S.C. § 12202, which addresses ADA claims brought against state governments: "A State shall not be immune ... from an action *in Federal or State court* of competent jurisdiction for a violation of this chapter ..." (emphasis supplied).

**3.** In its reply memorandum, AMSCO states:
> ... the Premise of Plaintiff's argument is that State courts have concurrent jurisdiction over ADA claims. However, the case cited by Plaintiff, *Yellow Freight Systems v. Donnelly*, [494 U.S. 820] 110 S.Ct. 1566 [108 L.Ed.2d 834] (1990), was a Title VII case, not an ADA case. Plaintiff cites no authority for [sic] proposition that State courts have concurrent jurisdiction over the ADA, which is a separate statute from

Title VII. Therefore, no authority exists for the basic premise of Plaintiff's argument.
Def. Reply to Plaintiff's Responsive Memorandum of Law, p. 2, n. 2.)
> AMSCO's attempt to distinguish *Yellow Freight* is curious, to say the least, given AMSCO's heavy reliance on Title VII cases in its own memorandum to the Court.

**4.** *See e.g. Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *Firle v. Mississippi State Dept. of Educ.*, 762 F.2d 487 (5th Cir.1985); *Mumphrey v. James River Paper Co.*, 777 F.Supp. 1458 (W.D.Ark. 1991); *Lawrence v. Chairman, E.E.O.C.*, 728 F.Supp. 899 (N.D.N.Y.1990); *Birge v. Delta Air Lines, Inc.*, 597 F.Supp. 448 (N.D.Ga.1984); *Howard v. Taco Bell*, 31 F.E.P. Cas. 1066 (N.D.Ga.1982).

complaint.[5] It is only logical that the analysis in these decisions centers on whether the respective plaintiffs met the requirements for commencing an action under Federal Rule 8(a).

Moreover, this Court finds AMSCO's reliance on *Cannon v. Kroger Co., supra,* to be misplaced. In *Cannon,* the Fourth Circuit concluded that the statute of limitations period applicable to a "hybrid" § 301/fair representation action [6] continues to run until the action is properly commenced in accordance with the Federal Rules of Civil Procedure. The *Cannon* Court held that the Plaintiff's claim was time-barred where she initiated a suit in North Carolina state court and—in compliance with North Carolina procedural rules—received permission to file her Complaint 20 days later on a date falling outside the relevant limitations period. Thus, AMSCO cites *Cannon* for the proposition that "Plaintiff should not be able to alter a federal limitations period with state law procedure." (Def. Reply Mem. at 2.)

*Cannon,* however, involved interpretation of Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b)—a provision which differs significantly from § 2000e–5(f)(1) in that it contains a statute of limitations specifically grounded upon the filing of a "complaint." [7] Moreover, as Krouse points out in his Memorandum, the *Cannon* decision has been criticized by several courts [8] and

has not been followed by any court in the Third Circuit.

Significantly, at least one federal court in the Western District of Pennsylvania has expressly declined to follow the *Cannon* majority, adopting instead the reasoning of the *Cannon* dissent. In *Mitchell v. Joseph's Supermarkets, Inc.,* 712 F.Supp. 59 (W.D.Pa. 1989) (Diamond, J.), the Plaintiff attempted to commence a "hybrid" § 301/fair representation action by filing a praecipe for writ of summons in Pennsylvania state court. Thus, the Court was faced with the following "central issue":

> [W]hen plaintiff properly commences his action in state court without filing a complaint within the statute of limitations, and defendant later removes to federal court, is the action time-barred despite plaintiff's compliance with state commencement procedures?

712 F.Supp. at 61. The Court concluded that Mitchell's hybrid action was timely by virtue of his timely filing of the praecipe for writ of summons in state court. In arriving at that conclusion, the Court adopted the reasoning of Judge Murnaghan in his dissent from the Fourth Circuit's decision refusing to hear the *Cannon* case en banc:

> Judge Murnaghan ... argued that federal pleading rules are not annexed to the substantive cause of action ... He also

---

**5.** It should also be noted that, except for *Mumphrey v. James River Paper Co., Inc.,* 777 F.Supp. 1458 (W.D.Ark.1991) and *McGill v. General Electric,* 56 F.E.P. Cases 282 (D.Md.1990), all of AMSCO's cases predate the Supreme Court's holding in *Yellow Freight Sys., Inc. v. Donnelly, supra,* which made clear that civil actions brought under Section 2000e–5 of Title VII may alternatively be commenced in a proper state court.

**6.** This term refers to an action in which the plaintiff alleges both that the employer has breached its contractual obligations under the collective bargaining agreement in violation of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and that the employee's union has failed to satisfy the duty of fair representation implied by the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*

**7.** The relevant portion of Section 160(b) with which the *Cannon* court was concerned stated as follows:

> *"No complaint shall issue* based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made ..."

See 832 F.2d at 304 n. 2 (emphasis supplied).

**8.** *See Winkels v. George A. Hormel & Co.,* 874 F.2d 567, 569 (8th Cir.1989) (disagreeing with *Cannon* majority and ruling that there is no requirement that federal procedural rules be imposed when a hybrid case is initiated in state court); *Gorwin v. Local 282, I.B.T.,* 838 F.Supp. 116, 123 (S.D.N.Y.1993) (holding that plaintiff's hybrid § 301/fair representation action was not time barred where plaintiff commenced timely action in state court under New York civil rules); *Juliano v. Stroehmann Bakeries, Inc.,* 734 F.Supp. 595, 599 (W.D.N.Y.1990) (same).

stressed that the Federal Rules of Civil Procedure and the Supreme Court's own holdings require federal courts to tolerate pre-removal commencement through means other than a complaint ... To him, such a practice would respect the rationales for statutes of limitations, i.e., prevention of stale claims and notice of suit ... We agree with this analysis.

712 F.Supp. at 63 (citations omitted). This Court likewise finds the foregoing analysis persuasive and we are therefore disinclined to follow the ruling of the *Cannon* Court.

In sum, this Court does not find AMSCO's cases helpful in resolving the relevant issue here: the effect of a timely filing for writ of summons in a state court action governed by Section 706 of Title VII.

On the other hand, one case which comes close to addressing this issue supports (or is at least consistent with) the conclusion that Krouse commenced this action in a timely manner. In *Williams v. Related Management Corp.*, 832 F.Supp. 100 (S.D.N.Y.1993), the plaintiff claimed that his Title VII action was preserved by virtue of his having filed various documents in New York state court within the 90–day limitations period. These documents included Williams' Affidavit in Support of Application to Commence Action as a Poor Person, a Poor Person's Order allowing Williams to obtain an index number without having to pay the customary charge, an application for the same, a copy of Williams' EEOC charge, and the Determination and Order issued by the New York State Department of Human Relations. The Defendant moved to dismiss the action on the ground that Williams failed to file his Complaint within ninety days after receiving his right-to-sue notice from the EEOC.

The *Williams* court granted the Defendant's motion to dismiss on the grounds that none of these documents had the effect of commencing a Title VII action under New York law. The court's analysis, however, is instructive for purposes of this case. Significantly, the *Williams* court began its analysis with an examination of the language of Section 2000e–5 and considered not whether Williams had filed a complaint in compliance with Federal Rule 8(a), but whether Williams

had "commenced any action" in state court within the 90–day limitations period. 832 F.Supp. at 102. To that end, the court specifically considered the relevant state procedural rule governing the commencement of a civil action:

> At the time Williams claims to have instituted that state court Title VII action against Related, the New York Civil Practice Rules and Regulations provided that a civil action was "commenced ... by *service* of a summons." N.Y.Civ.Prac.L. & R. § 304 (McKinney 1990). Mere *filing* of a summons or complaint does not constitute an action pending against the defendant ... (citations to New York state decisions omitted) ... *Since Williams has not shown, or even alleged, that he served a summons on defendant* on or before August, 19, 1991, there is no state civil action to serve as the predicate on which this Court could base an equitable tolling.

*Id.* at 102 (emphasis supplied). Thus, since Williams had not complied with New York state procedural rules governing commencement of an action, there was no evidence to support a conclusion that Williams had timely commenced a Title VII action in state court. *Id.* at 102–103.

Under Pennsylvania rules, in contrast to New York rules, a civil action may be commenced upon the mere *filing* of a praecipe for writ of summons—i.e. *service* is not required by Pa.R.C.P. 1007. In contrast to Mr. Williams, Plaintiff here *has* alleged that he properly filed his praecipe in state court within the 90–day limitations period. Indeed, there is no dispute as to this fact. Thus, unlike Mr. Williams, Plaintiff here "did ... take ... action which put [the employer] on notice that [Plaintiff] was instituting an action against it ..." 832 F.Supp. at 103.

Finally, this Court finds AMSCO's argument that it did not have adequate notice of the claims asserted against it to be specious. As both parties acknowledge, AMSCO was involved in an administrative ADA proceeding brought by Plaintiff before the EEOC prior to the present action being filed. Presumably, that hearing arose out of and involved the same alleged actions giving rise to

this lawsuit and, at any rate, AMSCO does not argue to the contrary.[9] In addition, as Judge Diamond pointed out in *Mitchell v. Joseph's Supermarkets, Inc., supra,* a defendant in AMSCO's position has the option, under Pennsylvania Civil Rule 1037, to direct the Plaintiff to file a Complaint. *See* 712 F.Supp. at 62; PA.CONS.STAT.ANN. Rule 1037 (Purdon 1987). Therefore, AMSCO could have availed itself of this procedural device so as to ascertain the nature of the lawsuit pending against it, if indeed there was any question as to its nature.

In sum, under both the applicable statutory law and federal case law, there is no requirement that an ADA case be commenced *only* by filing a Federal Rule 8(a) complaint. Since Pennsylvania courts expressly permit the commencement of a civil action by filing a praecipe for writ of summons, and since there is no dispute that Krouse filed his praecipe within the 90–day period set forth in 42 U.S.C. § 2000e–5(f)(1), the Court finds that Plaintiff's commencement of this civil action was timely.

That being so, there is no need to determine whether there are equitable grounds for tolling the 90–day limitations period. Since Pennsylvania courts have concurrent jurisdiction over ADA claims, Mr. Krouse's civil action was not commenced in the wrong court and, therefore, no basis for equitable tolling exists.[10] *See Williams v. Related Management Corp., supra,* at 103.

Finally, although the Court is not persuaded by AMSCO's arguments in favor of dismissal, the Court nevertheless finds that AMSCO's motion was not made for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. The Court also finds that AMSCO's motion was not unwarranted or made in bad faith, as Plaintiff suggests.

9. Rather, AMSCO merely claims that the civil action could have been based on alternate theories of liability, including intentional tort, breach of contract, or rights awarded by statute. (Def. Reply Mem., p. 2.)

10. The Third Circuit has instructed that there are three principal, though not exclusive, situations in which equitable tolling might be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action;

## IV. CONCLUSION

For the foregoing reasons, AMSCO's Motion to Dismiss and Plaintiff's Motion for Sanctions will both be denied. An appropriate Order follows.

(2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387 (3d Cir.1994). Given this Court's conclusion that Pennsylvania state court was not an improper forum for Plaintiff's ADA claim, none of these factors are relevant for purposes of this motion.