**Dorothy R. CANNON, Plaintiff,**

v.

**The KROGER CO., United Food and Commercial Workers (UFCW) Union Local No. 278, United Food and Commercial Workers International Union, United Food and Commercial Workers, Local No. 305, AFL–CIO, and United Food and Commercial Workers Union Local 400, Defendants.**

**No. C–86–334–WS.**

United States District Court, M.D. North Carolina, Winston-Salem Division.

Nov. 7, 1986.

James J. Booker and Richard M. Durham, Winston-Salem, N.C., for plaintiff.

Charles F. Vance, Jr., Winston-Salem, N.C., for defendants.

## MEMORANDUM OPINION

ERWIN, District Judge.

This matter is before the court on motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendants Kroger Company (Kroger), United Food and Commercial Workers (UFCW) International Union, UFCW Union Local 278, and UFCW Union Local 400. All parties have briefed the motion, and argument was heard in Greensboro on October 9, 1986. The case is now ready for a ruling.

In this case, plaintiff has sued the defendants in a hybrid action, alleging both

breach of contract and breach of the duty of fair representation, pursuant to 29 U.S.C. § 185. Movants ask the court to dismiss on the grounds that the claim is time-barred pursuant to 29 U.S.C. § 160(b). Movants pursue two theories in this regard, arguing that the complaint was not timely filed or, alternately, that service was impermissibly late.

The facts disclose that plaintiff was employed by defendant Kroger from 1981 until September 7, 1985. Two successive collective bargaining agreements controlled the terms and conditions of plaintiff's employment with Kroger. The first collective bargaining agreement was executed between Kroger and UFCW Union Local 305 and was effective from December 23, 1979 through January 22, 1983. United Food and Commercial Workers Union Local 400 is the successor in interest to UFCW Union Local 305. The second contract was executed between Kroger and UFCW Union Local 278 and was effective from January 23, 1983 through October 25, 1986. Plaintiff alleges that Kroger violated the collective bargaining agreements by paying white male workers higher wages than allowed for in the collective bargaining agreements and by asking the plaintiff to perform duties outside the scope of her job description, which were in violation of various safety rules, regulations, and practices. The plaintiff contends that the unions breached their duties of fair representation by failing to protect or insulate her from the discriminatory treatment after she had presented her grievances to these defendants. She complains further that UFCW Union Local 278 further breached its duty of fair representation by acting ineptly, arbitrarily, and capriciously.

On September 7, 1985, plaintiff left the employment of Kroger. On March 7, 1986, the plaintiff through counsel applied for an extension of time to file her complaint. On that date, an assistant clerk of Superior Court for Forsyth County signed an order giving plaintiff until March 27, 1986 to file the complaint pursuant to Rule 3 of the North Carolina Rules of Civil Procedure. On March 27, 1986, the plaintiff filed her complaint in the Superior Court of Forsyth County. On April 16, 1986, the defendant Kroger filed with this court a petition for removal from state court. The remaining defendants joined in Kroger's petition for removal on April 24, 1986.

The Supreme Court has held that the statute of limitations in such hybrid cases is the same as the statute of limitations found in Section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), *see also Murray v. Branch Motor Express Co.*, 723 F.2d 1146 (4th Cir.1983), *cert. denied*, 469 U.S. 916, 105 S.Ct. 292, 83 L.Ed.2d 228 (1984). Title 29, United States Code, Section 160(b) provides in pertinent part "[t]hat no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made." Applying the six-month statute of limitations to the instant case, it becomes clear that the plaintiff's claim was filed outside the time limit provided in 29 U.S.C. S 160(b). The six months expired on March 7, 1986, and plaintiff's complaint was not filed until March 27, 1986. The court is called upon to determine whether the actions of a state officer pursuant to Rule 3 of the North Carolina Rules of Civil Procedure may operate to extend the statute of limitations as provided for by Congress and applied by the Supreme Court. The court is of the opinion that a state officer may not extend the limitations period, and the parties are bound by the federal statute.

The six-month statute of limitations as enacted by Congress and as interpreted by the Supreme Court applies to this hybrid case. Therefore, state officials cannot extend the statute of limitations despite using state procedural methods. *Cf. Wisconsin Department of Industry, Labor and Human Relations v. Gould, Inc.*, 475 U.S. ——, ——, 106 S.Ct. 1057, 1061, 89 L.Ed.2d 223 (1986) (States prevented "not only from setting forth standards of conduct incon-

sistent with the substantive requirements of the NLRA, but also from providing their own regulatory or judicial remedies for conduct prohibited or arguably prohibited by the Act."). As there is no indication that the state official was acting pursuant to either 29 U.S.C. § 160(b) or 29 U.S.C. § 185 by purporting to extend the time for filing of the complaint, such attempted extension was ineffective, and the complaint was not timely filed. Consequently, there is no claim for which relief can be granted. As the court today rules that the complaint was not timely filed, it is unnecessary to consider the defendants' motion to dismiss premised upon flaws in service. Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED. A Judgment dismissing this action with prejudice will be filed contemporaneously herewith.