832 F.2d 303
 126 L.R.R.M. (BNA) 2968, 44 Empl. Prac. Dec. P
37,527,
56 USLW 2270, 107 Lab.Cas. P 10,208,
9 Fed.R.Serv.3d 722
 Dorothy R. CANNON, Plaintiff-Appellant,
v.
The KROGER CO.; United Food and Commercial Workers (UFCW)
Union Local No. 278; United Food and Commercial Workers
International Union; United Food and Commercial Workers,
Local 305, AFL-CIO; United Food and Commercial Workers
Union Local 400, Defendants-Appellees.
 No. 86-1720.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 3, 1987.
Decided Nov. 3, 1987.
Petition for Rehearing and Suggestion for Rehearing En Banc
Denied Jan. 29, 1988.*
 
 Richard Monroe Durham (James J. Booker, P.A., Winston-Salem, N.C., on brief) for plaintiff-appellant.
 Jeffrey Neil Young (Baptiste & Wilder, Washington, D.C., P.C. on brief); M. Ann Anderson (Charles F. Vance, Jr.; C. Daniel Barrett; Womble, Carlyle, Sandridge & Rice; Winston-Salem, N.C., Richard Roesel, United Food and Commercial Workers Intern. Union, Washington, D.C., on brief) for defendants-appellees.
 Before HALL and WILKINSON, Circuit Judges, and SMALKIN, United States District Judge for the District of Maryland, sitting by designation.
 K.K. HALL, Circuit Judge:
 
 
 1
 Dorothy R. Cannon, plaintiff in a civil action alleging unfair labor practices by her former employer, The Kroger Company ("Kroger") and breach of the duty of fair representation by Locals 278, 305, and 400 of the United Food and Commercial Workers Union ("UFCW" or "the Unions") appeals an order of the district court dismissing her complaint as time barred, 647 F.Supp. 82. The district court held that the statute of limitations applicable to "hybrid" actions brought, in part, pursuant to Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 was violated by Cannon's failure to file a complaint within six months of the allegedly wrongful act. We affirm.
 
 I.
 
 2
 Cannon, a black female, was employed by Kroger from 1981 until 1985 as a meat clerk in a store located in Winston-Salem, North Carolina. During her tenure with Kroger, the terms and conditions of her employment were governed by two successive collective bargaining agreements executed between Kroger and Locals 305 and 278 of the UFCW.[1] Cannon resigned her position with Kroger on September 7, 1985.
 
 
 3
 On March 7, 1986, six months to the day after she left her position, Cannon sought to initiate a "hybrid" civil action for unfair labor practices and breach of the duty of fair representation against Kroger and the Unions in the Superior Court of Forsyth County, North Carolina. In commencing her action, Cannon employed a mechanism available under the North Carolina Rules of Civil Procedure but which has no counterpart in the Federal Rules. North Carolina Rule 3 allows a plaintiff to postpone filing a complaint by first making application to the court stating the nature and purpose of the action and requesting permission to file a complaint within 20 days. Cannon sought and was granted the extended time. Pursuant to the North Carolina rule, a summons was issued to Kroger and the Unions.
 
 
 4
 In her complaint ultimately filed on March 27, 1986, Cannon alleged that during her period of employment, Kroger regularly granted wage increases to white, male employees in excess of the collective bargaining agreement while limiting her to the amount specified in the agreement. She further alleged that Kroger required her to perform additional duties in violation of safety rules and established company procedures. Finally, she maintained that the Unions' failure to defend her from Kroger's intolerable and discriminatory acts left her with no alternative but to resign her position.
 
 
 5
 Following receipt of the complaint, Kroger and the Unions removed the action to federal district court. The defendants then moved to dismiss Cannon's complaint on the ground that it was neither filed nor served within the six-month statute of limitations derived from Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b).[2] The district court granted the motion for dismissal with prejudice pursuant to Fed.R.Civ.P. 12(b)(6), reasoning that Cannon's failure to file a complaint within six months of her resignation rendered her action untimely. The court further held that the statutory period could not be extended by the alternative means of commencing an action available under North Carolina law.
 
 
 6
 This appeal followed.
 
 II.
 
 7
 The cause of action asserted by Cannon is popularly known as a "hybrid" Sec. 301/fair representation claim. The gravamen of such an action is the assertion that an employer has breached its contractual obligations toward an employee under the collective bargaining agreement in violation of Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 and that the employee's union, by failing to protect its member's rights, has failed to satisfy the duty of fair representation implied by the National Labor Relations Act, 29 U.S.C. Sec. 151 et seq. Clearly, both components of this "hybrid" cause of action involve rights created by federal statute.
 
 
 8
 On appeal, Cannon contends that her action below did not violate the six-month statute of limitations applied by the Supreme Court to "hybrid" Sec. 301/fair representation claims in DelCostello v. International Bro. of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). She argues that DelCostello required only that a "hybrid" action be commenced within six months of the alleged wrongful act but did not specify commencement in accordance with the Federal Rules of Civil Procedure. In Cannon's view, her timely compliance with the appropriate state procedures for initiating a civil action satisfied the dictates of DelCostello. Alternatively, appellant contends that the summons issued on March 7, 1986, pursuant to the North Carolina Rules, was the functional equivalent of a complaint under Fed.R.Civ.P. 8(a), thereby tolling the statutory limitation period on that date. We disagree with both of appellant's contentions.
 
 
 9
 A "hybrid" civil action in which an employee alleges wrongdoing by both his employer and his union necessarily intrudes into those "consensual processes that federal labor law is chiefly designed to promote--the formation of the ... agreement and the private settlement of disputes under it." (citations omitted.) DelCostello, 462 U.S. at 171, 103 S.Ct. at 2294, quoting United Parcel Service v. Mitchell, 451 U.S. 56, 70-71, 101 S.Ct. 1559, 1568, 67 L.Ed.2d 732 (1981). Striking a balance between the rights of an aggrieved employee and the substantial federal labor policies at stake demands the application of uniform national procedures. 462 U.S. at 171-72, 103 S.Ct. at 2294.
 
 
 10
 The Court in DelCostello admittedly did not expressly hold that a plaintiff in a "hybrid" action is required to commence an action by filing a complaint in accordance with Fed.R.Civ.P. 3 in order to toll the limitation period. The Court's announced goal of uniformity would be severely undercut, however, if alternative means of computing elapsed time were available. Moreover, in the recent decision in West v. Conrail, --- U.S. ----, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987), the Supreme Court clearly relied upon the Federal Rules to resolve a dispute regarding the six-month limitation period.[3]
 
 
 11
 After West, there can be no question that commencement of a "hybrid" claim brought in district court is to be assessed in accordance with the Federal Rules of Civil Procedure. Unlike appellant, we can perceive no justification for allowing a different result simply because the underlying action is initiated in a state court. The substantive rights involved remain purely federal in nature. Moreover, the choice of a forum in no way diminishes the subtle balance of interests noted in DelCostello as a justification for uniformity. The application of alternative state law procedures must inevitably intrude into the balance and threaten the goal of uniform adjudication. We conclude, therefore, that the statute of limitations applicable to "hybrid" actions runs until the action is properly commenced under the dictates of the Federal Rules of Civil Procedure.
 
 III.
 
 12
 Appellant's alternative contention that the state summons issued pursuant to North Carolina Rule 3 was somehow equivalent to a complaint under the Federal Rules is unpersuasive.[4] A valid complaint under the Federal Rules must satisfy, inter alia, the demands of Rule 8(a)(2) by including a "plain statement of the claim showing that pleader is entitled to relief." The state summons issued to defendants below fell significantly short of this requirement.
 
 
 13
 Under the most liberal interpretation the summons stated nothing more than a conclusory allegation that defendant Kroger had forced Cannon to quit her job. There was absolutely no identification of any specific actions that allegedly violated appellant's rights and thus no basis on which relief could have been granted. Even under North Carolina state law, the summons is nothing more than a stopgap mechanism for delaying the filing of an actual complaint. We can see no reason for according it any greater dignity in a federal action.
 
 IV.
 
 14
 For the foregoing reasons, we conclude that the district court did not err in dismissing appellant's hybrid action as untimely. The judgment of the district court is, accordingly, affirmed.
 
 
 15
 AFFIRMED.
 
 SMALKIN, District Judge, dissenting:
 
 16
 With great respect, I dissent from the majority's opinion. Although the majority's enforcement of the federal standard for case commencement provided by Fed.R.Civ.P. 8(a) certainly shows an admirable concern for uniformity of result in LMRA cases, I do not feel that this concern warrants supplanting a legitimate state procedural rule with a federal procedural rule.
 
 
 17
 In my judgment, whether the cause of action be derived from state or federal law in cases of concurrent jurisdiction, the law of the jurisdiction wherein the action was commenced ought to determine the question of when it was commenced. This is indisputably the general rule in removed cases, including removed cases on federal causes of action. Herb v. Pitcairn, 325 U.S. 77, 65 S.Ct. 954, 89 L.Ed. 1483 (1945). In such cases, procedural steps sufficient to initiate the case in state court, yet insufficient for the same purpose in federal court, have been recognized as establishing the date of case commencement. See, e.g., Dravo Corp. v. White Consol. Industries, 602 F.Supp. 1136, 1139 (W.D.Pa.1985) (applying Rule 1007 of the Pennsylvania Rules of Civil Procedure instead of Fed.R.Civ.P. 3, to determine the "commencement" issue). This approach is consistent with Fed.R.Civ.P. 81(c), which provides, in pertinent part, that "[t]hese rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal." Fed.R.Civ.P. 81(c) (emphasis supplied). This Court recently has interpreted Rule 81(c) to prohibit the imposition of Rule 11 sanctions where a pleading is signed in state court, and the case subsequently is removed to federal court. Kirby v. Allegheny Beverage Corporation, 811 F.2d 253, 256-57 (4th Cir.1987). This Court there reasoned as follows: "By obvious implication [of Rule 81(c) ], the rules, including Rule 11, do not apply to the filing of pleadings or motions prior to removal." Id. at 257. The majority's opinion is in direct conflict with the language of Rule 81(c) and with this Court's reasoning in the Kirby case.
 
 
 18
 I see nothing particularly unique about the cause of action involved in this case that justifies disregarding the general principle stated above. Certainly, nothing in DelCostello or in West v. Conrail compels us to disregard a valid state rule of procedure, substituting a federal rule for it, in the interests of achieving uniformity. Uniformity, important as it is, should not oust a plaintiff from a federal court with subject matter jurisdiction, where she in good faith commenced her action in a state court, also with subject matter jurisdiction, in accordance with all that was required of her under state law. Most respectfully, therefore, I dissent.
 
 
 
 *
 The order denying petition for rehearing and suggestion for rehearing en banc and opinion of Circuit Judge Murnaghan dissenting from denial of rehearing en banc, will be published in a future volume
 
 
 [1]
 An agreement between Kroger and Local 305 was in effect between December 23, 1979, and January 22, 1983. During the term of the agreement, Local 305 was merged into Locals 278 and 400. A second agreement between Kroger and Local 278 covered the time period between January 23, 1983, and October 25, 1986
 
 
 [2]
 Section 160(b) provides in pertinent part that: "No complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made...."
 
 
 [3]
 The issue in West turned upon whether the adoption of the Sec. 10(b) six-month limitation period in DelCostello also adopted the requirement in Sec. 10(b) that the complaint be both filed and served within that time. The Court noted that it had borrowed only the time period and that for other procedural questions it "did not intend to replace any part of the Federal Rules of Civil Procedure...." 107 S.Ct. at 1541. The Court, therefore, held that a complaint filed in conformity with Fed.R.Civ.P. 3 within the DelCostello six-month period was timely
 
 
 [4]
 We assume for purposes of argument that this issue is properly before us even though the record does not clearly disclose that Cannon presented this theory below