**RELIABILITY RESEARCH INCORPORATED,**
Plaintiff,

v.

**COMPUTER ASSOCIATES INTERNATIONAL, INC., successor to University Computing Company, Defendant.**

**No. 91–CV–3587.**

United States District Court,
E.D. New York.

June 22, 1992.

Meister, Leventhal & Slade, New York City (Jeffrey C. Slade, of counsel), for plaintiff.

Weil, Gotshal & Manges, New York City (Alan Weinschel, of counsel), for defendant.

MEMORANDUM—DECISION
AND ORDER

BARTELS, District Judge.

In 1979, plaintiff Reliability Research Incorporated ("RRI") entered into a contract with University Computing Company ("UCC") licensing to the latter certain copyrighted programs collectively referred to as "Reliability Plus." In 1984, for reasons unknown to the Court, they entered into a new agreement on such licensing. The 1984 agreement included a provision that granted RRI ownership of certain computer programs made by UCC. In 1987, defendant Computer Associates International, Inc. ("CA") took over UCC. Now, in this action, RRI asserts that CA breached this provision of the 1984 agreement. The defendants have interposed a defense of misuse of copyright. RRI now moves to strike defendant's copyright misuse defense pursuant to Rule 12(f) of the Federal Rules of Civil Procedure on the ground of legal insufficiency.

At the center of this action is the 1984 license and marketing agreement between RRI and UCC. Article 4.2.4 of the 1984 agreement granted RRI sole ownership in all offerings "in the area of computer reliability" made by UCC. In the present action, RRI seeks ownership in some of CA's programs on the basis of this provision. CA defends by arguing that the programs in question do not fall within "the area of computer reliability" as that phrase was intended to mean by the parties to the contract. Alternatively, CA argues, if the

phrase in question is interpreted to encompass those programs, then that provision is an unenforceable misuse of copyright because it extends rights in RRI's copyrights well beyond their lawful scope. In the present motion, RRI moves to strike this copyright misuse defense on the ground that the defense does not exist here.

### Burden of Proof

■ The plaintiff has a weighty burden. "A motion to strike an affirmative defense ... for legal insufficiency is not favored ..." *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2nd Cir.1984), *vacated on other grounds*, 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986). *"Even when the defense presents a purely legal question*, the courts are very reluctant to determine *disputed or substantial issues of law* on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." *Id.* (quoting with approval, 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1381, at 800–801 [at pages 673–76 in volume 5A, § 1381 (2d edition, 1990) ]) (emphases added).

### Disputes

Such a disputed issue of law exists here. Neither the Supreme Court nor the Second Circuit has addressed the issue of the existence and extent of a misuse of copyright defense. The Seventh Circuit has held that the defense applies only where there is a violation of antitrust law, *Saturday Evening Post Company v. Rumbleseat Press, Inc.*, 816 F.2d 1191, 1200 (7th Cir.1987) (holding copyright misuse analogous to the treatment of patent misuse in *USM Corporation v. SPS Technologies, Inc.*, 694 F.2d 505 (7th Cir.1982), *cert. den.*, 462 U.S. 1107, 103 S.Ct. 2455, 77 L.Ed.2d 1334 (1983)), which is not alleged here.

"If misuse claims are not tested by conventional antitrust principles, by what principles shall they be tested? Our law is not rich in alternative concepts of monopolistic abuse; and it is rather late in the day to try to develop one without in

the process subjecting the rights of patent holders to debilitating uncertainty." *Saturday Evening Post, supra*, 816 F.2d at 1291 (quoting *USM, supra*, 694 F.2d at 512).

Meanwhile, the Fourth Circuit has held that the copyright misuse defense exists even without an antitrust violation. *Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970 (4th Cir.1990).

"[W]hile it is true that the attempted use of a copyright to violate antitrust law probably would give rise to a misuse of copyright defense, the converse is not necessarily true ... The question is not whether the copyright is being used in a manner violative of antitrust law (such as whether the licensing agreement is "reasonable"), but whether the copyright is being used in a manner violative of the public policy embodied in the grant of a copyright." *Lasercomb, supra*, 911 F.2d at 978.

Such an open and disputed question of law is not a proper basis for a motion to strike.

### Misuse of Copyright

■ RRI argues, however, that even under an expansive definition of the copyright misuse defense there can be no misuse of copyright here because RRI's copyrights were not used to obtain ownership in these other copyrights. Plaintiff contends that the original 1979 agreement granting the exclusive ninety-nine year license to plaintiff's computer programs did not contain the provision in the 1984 agreement that is now being alleged to be a misuse of the original copyright. Rather, it was only in the subsequent 1984 agreement, which RRI characterizes as an "amendment" to the 1979 agreement, that the parties included the allegedly illegal provisions, which granted the plaintiff ownership in certain programs created by the other party to this contract. Thus, RRI argues, the copyright could not have been used as leverage to exact the ownership rights to UCC's programs because the 1984 "amendment" did not transfer any rights to RRI's copyrights.

RRI's argument fails on its own terms because the 1984 agreement was not an amendment to the 1979 agreement, but an entirely new one. Article 10.4 of the 1984 agreement makes clear the intent of the parties: "UCC and RRI expressly acknowledge that this Agreement supercedes (sic) and replaces in its entirety that License and Marketing Agreement between the parties dated October 25, 1979 ..." The copyrighted programs were exchanged anew for royalties and rights to UCC's programs. Article 2.1 of the 1984 agreement grants UCC a license to RRI's programs. Therefore, the question of whether there is a legal distinction under the copyright misuse doctrine between a copyright license agreement and an amendment to a pre-existing copyright license agreement is not before the Court.

For these reasons, the plaintiff's motion to strike is denied without prejudice to renew on a partial summary judgment motion on this issue after discovery is complete.

SO ORDERED.