Dennis GORWIN, Plaintiff,

v.

LOCAL 282, I.B.T. and Testwell Craig
Laboratories, Inc., Defendants.

No. 93 Civ. 1564 (SS).

United States District Court,
S.D. New York.

Nov. 9, 1993.

. Bruce S. Levin, Friedman & Levy-Warren, New York City, for Local 282, I.B.T.

Joseph E. Suarez, Chestnut Ridge, NY, for Testwell Craig Laboratories, Inc.

## · *OPINION AND ORDER*

SOTOMAYOR, District Judge.

*Pro se* plaintiff Dennis Gorwin moves, pursuant to Fed.R.Civ.P. 12(f), to dismiss two of the affirmative defenses [1] of defendant Local 282, I.B.T. ("Union"), his Union during his employment with co-defendant Testwell Craig Laboratories, Inc. ("Testwell").[2] In the alternative, plaintiff moves for summary judgment under Fed.R.Civ.P. 56. Plaintiff also requests a stay of discovery pending my decision on his Rule 12(f) and Rule 56 motions. For the reasons stated herein, I grant plaintiff's motion to strike the Union's statute of limitations defense, but deny his request to strike the mitigation of damages defense. Having addressed these motions, plaintiff's request for a stay of discovery is also denied.

### I. *Facts*

Defendant Testwell employed plaintiff Gorwin as a concrete field inspector for approximately three years, from July 1988 up until the time of Gorwin's second discharge from the company in April 1991. During his employment with Testwell, Gorwin complained to his supervisor about Testwell's unauthorized withholding of his wages and its failure to pay him a minimum wage, actions which he claimed violated New York State's labor law.

On September 28, 1990, Testwell fired Gorwin. The plaintiff successfully challenged this termination before an arbitrator, claiming that Testwell discriminated and retaliated against him after he complained to his supervisor. On March 1, 1991, Gorwin obtained an arbitration award ordering his reinstatement with backpay. When Testwell failed to issue him his outstanding backpay,

Dennis Gorwin, pro se.

---

**1.** Plaintiff also moved to dismiss the Union's affirmative defense based on the doctrine of laches. The Union has agreed, however, to withdraw this defense on the ground that it has been rendered unnecessary by plaintiff's acceptance of a six-month statute of limitations as applicable to his claims.

**2.** Plaintiff Gorwin and defendant Testwell have signed a stipulation dismissing plaintiff's claims against Testwell without prejudice. Thus, I address here only plaintiff's claims against Local 282.

plaintiff initiated a state action to. compel Testwell's compliance. Plaintiff Gorwin requested the Union's assistance with this action.

Thereafter, plaintiff Gorwin returned to his job with Testwell, but his reemployment proved shortlived. Within a few days, on April 12, 1991, Testwell again discharged Gorwin. Gorwin challenged this second discharge and again sought the Union's assistance. The arbitrator in this second proceeding issued a decision on June 19, 1992, favorable to Testwell, concluding that Testwell fired Gorwin for cause.

On September 28, 1992, plaintiff filed an action against Testwell and the Union in New York State Supreme Court alleging, *inter alia,* that his discharge and the Union's failure to represent him were improper. On January 27, 1993, this state action was dismissed, without prejudice, for lack of service. Approximately one month later, on February 26, 1993, Mr. Gorwin refiled his state action.

The defendants thereafter removed the state action to this Court on May 24, 1993. Simultaneous with defendants' removal, Mr. Gorwin served the summons and complaint on Testwell on May 24, 1993 and the Union on May 25, 1993. Plaintiff Gorwin filed a document designated a "complaint" with this Court on May 24, 1993. This complaint sets forth allegations similar to those in the state action. More specifically, the complaint claims that the Union took no action, or inadequate action, on both the enforcement of his March 1991 arbitration award and his later challenge to his second termination. Gorwin maintains that the Union took no action on his second discharge for approximately eleven months, and that any steps taken thereafter by the Union were woefully inadequate.

Plaintiff brought his Fed.R.Civ.P. 12 and 56 motions by way of Order to Show Cause on July 27, 1993 claiming that the Union's defenses "are not properly stated, are insufficient as a matter of law, and are otherwise without merit." [3] The motions rely exclusively on the complaint, the parties' respective motion papers and their statements pursuant to Local Rule 3(g).

Plaintiff again moved by Order to Show Cause on October 21, 1993, for a stay of all discovery pending my decision on his motions. Plaintiff claims that extensive discovery would be burdensome and possibly unnecessary based on my determination of the statute of limitations issue.

## II. *The Standards for a Motion to Strike and for Summary Judgment*

■ A party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A Rule 12(f) motion to strike an affirmative defense is generally disfavored. Even when a motion presents a purely legal question, a court should be reluctant to resolve the issues on a motion to strike, and should prefer to address such issues after discovery and a hearing. *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds,* 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986) (citing 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1381, at 800–801). *See also Durham Indus., Inc. v. North River Ins. Co.,* 482 F.Supp. 910, 913 (S.D.N.Y.1979) ("[o]rdinarily, a motion to strike a defense will be denied if the defense is sufficient as a matter of law or it fairly presents a question of law or fact which the court ought to hear."); *Reliability Research, Inc. v. Computer Assoc. Int'l, Inc.,* 793 F.Supp. 68, 69 (E.D.N.Y.1992) (quoting *Edelman v. Envicon* ).

■ Plaintiff also bears a heavy burden on a Rule 56 summary judgment motion. Plaintiff Gorwin, as the movant, bears the "initial responsibility" of establishing that there are no genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). To establish the absence of genuine issues of

---

**3.** Plaintiff appears to have filed his motion to strike after the 20 day limit set forth in Fed. R.Civ.P. 12(f) expired. However, since Rule 12(f) permits the Court to act on its own initia-

tive, and since plaintiff's summary judgment motion raises the same issues as his motion to strike, I will consider his Rule 12(f) motion at this time.

material fact, the movant does not have to "negat[e] the opponent's claim." *Id.* Rather, the movant must establish that the "non-moving party has failed to make a sufficient showing on an essential element ... with respect to which she has the burden of proof." 477 U.S. at 323, 106 S.Ct. at 2552.

## III. *Plaintiff Gorwin's Motions*

### A. *The Statute of Limitations Defense*

Plaintiff Gorwin argues that the Union's statute of limitations defense is without legal basis, because his first state action against the Union was timely filed in state court, in accordance with New York's procedural rules. The Union instead argues that plaintiff is time barred because Gorwin's first state action must be ignored and Gorwin's instant action, filed almost eleven months after the second arbitration, fails to comply with the applicable federal six-month statute of limitations.

The Second Circuit has not addressed the specific issue before me of whether filing a labor action of the type at issue here in a state court tolls the federal statute of limitations. Judge Curtin of the Western District of New York, however, who has decided facts similar to those in this case, applied state rules to toll the federal statute of limitations. For the reasons discussed below, I concur with Judge Curtin's conclusion.

### 1. *Applicable Federal Law*

An employee's claims against an employer for a breach of a collective bargaining agreement, in violation of the Labor Management Relations Act, 1947, as amended, 29 U.S.C. § 185 ("§ 301"), and an employee's claims against a union for breach of the duty of fair representation, implied under the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.* ("NLRA"), are treated as a "hybrid" § 301/duty of fair representation claim. *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983).

The parties agree that plaintiff Gorwin's charges against the defendants constitute a hybrid § 301 claim. Section 301, however, does not contain an express statute of limitations. When a federal statute is silent as to an applicable time limitation, courts traditionally look to the most analogous time limit and "borrow" that limitations period. *Id.* at 158, 103 S.Ct. at 2287. However, where a state limitations rule undermines a federal statute's goals, a comparable federal statutory limit may be the more appropriate standard. *Id.* at 161–62, 103 S.Ct. at 2289; *see also Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* —— U.S. ——, ——, 111 S.Ct. 2773, 2778, 115 L.Ed.2d 321 (1991). There is a need, nevertheless, to avoid adoption of state rules which conflict with the "purpose or operation of federal substantive law."[4] *DelCostello,* 462 U.S. at 161, 103 S.Ct. at 2289.

In *DelCostello,* the Supreme Court resolved a split in the lower courts as to the applicable statute of limitations for § 301 claims. Prior to *DelCostello,* courts had applied a panoply of different state and federal limitations periods in their efforts to fill the gap in federal law. After reviewing the goals of § 301 and considering the urgent need for uniformity in these cases, the Court decided in *DelCostello* that the six-month statute of limitations found in § 10(b) of the NLRA applied to § 301 claims.

The Supreme Court reasoned that an employee's claim against a union is more analogous to claims under the NLRA, and that the practicalities of this type of employee action weighed in favor of the application of a six-month limitations period. The Court observed that:

> the two claims are inextricably interdependent. 'To prevail against either the company or the Union, ... [employee-plain-

4. The Second Circuit has considered statutory limitations issues in the labor area and concluded that federal limitations are more appropriate than state limitations when:

> (1) a federal rule ... clearly provides a closer analogy than state alternatives, and (2) the federal policies at stake and the practicalities

of the litigation render the federal limitation "a significantly more appropriate vehicle for interstitial lawmaking."

*United Paperworkers Int'l Union & Local 340 v. Specialty Paperboard, Inc.,* 999 F.2d 51, 53 (2d Cir.1993).

tiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.'

*Id.* at 164–65, 103 S.Ct. at 2291 (citation omitted).

The extent to which courts must borrow from § 10(b) in § 301 cases, however, caused further confusion in the lower courts which resulted in the Supreme Court revisiting the question in *West v. Conrail,* 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987). The *West* opinion narrowed the Court's *DelCostello* holding and restricted the application of other § 10(b) provisions to § 301 cases. In *West,* the plaintiffs filed a hybrid action in federal court and the defendants argued that plaintiffs had to comply with both the six-month statute of limitations provision and the service requirements contained in § 10(b). The Supreme Court concluded, however, that the service provisions in NLRA § 10(b) are not applicable to hybrid § 301/duty of fair representation actions. Instead, the Court held that Fed.R.Civ.P. 3 controls § 301 actions. The Court stated explicitly that it never intended in *DelCostello* to replace governing federal rules with § 10(b) provisions in § 301 cases filed in federal court. It explained that its intention was merely to fill the statute of limitations gap in the federal statute:

> Inevitably our resolution of cases or controversies requires us to close interstices in federal law from time to time, but when it is necessary for us to borrow a statute of limitations for a federal cause of action, we borrow no more than necessary. Here, because of the availability of Rule 3, there is no lacuna as to whether the action was brought within the borrowed limitations period.

*West,* 481 U.S. at 39–40, 107 S.Ct. at 1542 (footnotes omitted).

The *West* decision is limited and resolved the question of the rules applicable to a § 301 action commenced in federal court. It did not address the applicability of the federal rules to § 301 claims first raised in a state court proceeding. In a footnote, however, the Court stated that state statutes of limitations and service provisions apply in a diversity action with a state law cause of action. *Id.* at 39 n. 4, 107 S.Ct. at 1541 (citing *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980)). Nevertheless, the Court in its footnote recognized that *Walker* left open the question of whether state rules applied to federal causes of actions commenced first in state courts.

### 2. *New York State's Procedural Provisions*

New York Civil Practice Law and Rules ("C.P.L.R.") section 306–b(a) states that an action is dismissed without prejudice where the plaintiff fails to file proof of service within the 120 day period for service of the summons and complaint or summons and notice upon a defendant. N.Y.CIV.PRAC.L. & R. 306–b (McKinney 1990 & Supp.1993). New York's C.P.L.R. grants a party an additional 120 days to refile an action previously dismissed without prejudice for lack of service. The original action, however, must have been initially filed within the statute of limitations. According to § 306–b(b),

> [i]f an action dismissed for failure to file proof of service pursuant to this section or for failure to effect proper service was timely commenced, the plaintiff may commence a new action, despite the expiration of the statute of limitations after the commencement of the original action, upon the same transaction or occurrence or series of transactions or occurrences within one hundred twenty days of such dismissal provided that service upon the defendant is effected within such one hundred twenty day period....

Thus, when dismissal of an action occurs only because a plaintiff failed to file proof of service within the first 120 day period, § 306–b(b) accords a plaintiff a second 120–day period to file and serve even if the statute of limitations expires during this second period. The plaintiff, however, must effect service within this second 120 day period. Thus, C.P.L.R. 306–b(b) operates as a toll of an applicable statute of limitations.

### 3. *The Timeliness of Plaintiff's § 301 Claim*

█ The parties correctly accept the applicability to plaintiff's § 301 claim of the six-

month statute of limitations recognized in *DelCostello*. This is the only point related to the § 301 claim about which the parties agree. Gorwin claims that the statute of limitations period was tolled when he filed a timely action in state court. In the event that I conclude that New York's rules do not apply here, Gorwin argues, in the alternative, that the statute of limitations should be equitably tolled based on his good faith reliance on the applicability of § 306–b(b) to his case. The Union maintains that New York's rules are wholly inapplicable and that I am bound by the Supreme Court's decision in *DelCostello* and *West* to apply the six-month statute of limitations, without regard to state rules and only with regard to federal rules.

The parties have referred to several cases in their briefs on the motions before me. The few courts who have addressed the discreet issue raised here, however, have differed in their conclusions. A review of those decisions, nevertheless, is of importance to my analysis of this question.

In this circuit, Judge John T. Curtin of the Western District of New York has held that New York State's procedural rules may toll the six-month limitation period in a § 301/fair representation action. In *Juliano v. Stroehmann Bakeries, Inc.*, 734 F.Supp. 595 (W.D.N.Y.1990), the plaintiff filed, in compliance with state rules, a state summons with notice but without a complaint against his employer and union which asserted a § 301 claim. The action was then removed to federal court where the plaintiff thereafter filed a complaint. The complaint, however, was filed after the six-month limitations period expired, almost one year after the cause of action accrued. The defendants in *Juliano* argued that because the plaintiff failed to file a complaint within the § 10(b) six-month requirement, the action was time-barred.

Judge Curtin concluded that plaintiff's compliance with the state rule was sufficient to toll the § 10(b) six-month statute of limitations. In deciding whether to apply the

state's filing rules or federal rules, Judge Curtin considered the arguments and analysis set forth in two decisions of the Fourth and Eighth Circuits, *Cannon v. Kroger Co.*, 832 F.2d 303 (4th Cir.1987), and *Winkels v. Hormel & Co.*, 874 F.2d 567 (8th Cir.1989). These two circuits presented opposing interpretations of the *DelCostello* and *West* decisions and, as a result, reached different conclusions on similar facts. Judge Curtin decided not to adopt the reasoning of the majority opinion in *Cannon*, but, instead, adopted the reasoning of the dissent in *Cannon* and the decision in the Eighth Circuit as the better analysis of the issue.[5]

The plaintiff in *Cannon* initiated a hybrid § 301 action in North Carolina state court in accordance with that state's rules, by making an application, setting forth the nature of her claim, to the court to file a complaint within 20 days. A summons was issued to the employer and the union. Plaintiff thereafter filed her complaint within the 20 days. The defendants removed the action to federal court where they moved to dismiss for failure to file and serve a complaint within the six-month statute of limitations period.

The Fourth Circuit rejected the applicability of state rules to toll service and held that plaintiff's action was untimely. In reaching this decision, the Court of Appeals determined that *DelCostello* and *West* required a plaintiff to comply with both the § 10(b) six-month statute of limitations and the Federal Rules of Civil Procedure, regardless of whether the claim is brought initially in state or federal court. The Fourth Circuit relied extensively on its interpretation that *DelCostello* underscored a requirement that a uniform national procedure in this area of labor law had to be established:

> [T]he choice of a forum in no way diminishes the subtle balance of [the rights of an aggrieved employee and the substantial federal labor policies] noted in *DelCostello* as a justification for uniformity. The ap-

5. Judge Curtin also cited *Mitchell v. Joseph's Supermarkets, Inc.*, 712 F.Supp. 59 (W.D.Pa. 1989), a case wherein the court held that a § 301 action commenced in Pennsylvania state court in compliance with state procedures and subsequently removed to federal court is not time

barred. The court in *Mitchell* concluded that the plaintiff's § 301 action was not untimely since he had timely filed in state court. The *Mitchell* court also relied on and adopted the analysis of the dissent in *Cannon*.

plication of alternative state law procedures must inevitably intrude into the balance and threaten the goal of uniform adjudication. We conclude, therefore, that the statute of limitations applicable to "hybrid" actions runs until the action is properly commenced under the dictates of the Federal Rules of Civil Procedure.

*Cannon,* 832 F.2d at 306.

In his detailed and thoughtful dissent from the Fourth Circuit's subsequent denial of a petition for rehearing and suggestion for rehearing *en banc,* Judge Murnaghan presented compelling arguments as to why recognition of state rules in a § 301/duty of fair representation case does not contravene *DelCostello* and *West,* and does not injure federal policy and rules. *Cannon v. Kroger Co.,* 837 F.2d 660 (4th Cir.1988) (J. Murnaghan dissenting).

Under Judge Murnaghan's analysis, nothing in the Labor Management Relations Act, NLRA or the Supreme Court's *DelCostello* and *West* decisions indicate that federal pleading rules are anything other than procedural rules. Neither *DelCostello* nor *West* determined that federal procedural rules had been added to the federal substantive law governing § 301/duty of fair representation claims. Judge Murnaghan rightly observed that *West* clarified that *DelCostello* did not intend to direct application of federal procedural rules under all circumstances to § 301 claims. Instead, *West* only held that § 10(b) procedural provisions were not controlling, and that in a federal action federal rules of civil procedure governed. *West* explicitly left open what rules would apply when an action was commenced or prosecuted in state court in accordance with state rules.

When a hybrid action is initiated in state court, however, federal rules do not automatically apply or work to displace state rules. Judge Murnaghan relied upon *Herb v. Pitcairn,* 324 U.S. 117, 65 S.Ct. 459, 89 L.Ed. 789 (1945), to hold that Fed.R.Civ.P. 81(c), which states that the federal rules of civil procedure "apply to civil actions removed to" federal court from state court, only "govern procedure[s] after removal." Therefore, Judge Murnaghan concluded that federal courts should apply state filing and service rules to federal question cases initiated in state court because only future proceedings and pleadings were governed by federal rules after removal.

In addressing concerns about uniformity as stressed in *DelCostello* and *West,* Judge Murnaghan concluded that the state law tolling provisions did not undermine the goal of uniformity, because the timely commencement of legal action in state court avoided stale claims and ensured defendant that exposure to liability ended at a certain point in time.

Shortly after the *Cannon* decision was issued, the Eighth Circuit ruled in *Winkels* that state rules could toll the six-month hybrid § 10(b) limitations period. The facts in *Winkels* are similar to those here. Plaintiff Winkels was an employee with defendant Hormel and a member of the defendant union. In 1986, he filed a grievance with the union challenging a job action by Hormel. By January 22, 1987, plaintiff learned that the union had decided not to act on his grievance. On July 21, 1987, plaintiff filed a hybrid action in state court, within the § 10(b) six-month time limit. Plaintiff served the defendants with a summons and complaint, but did not, as permitted by state rules, file these documents in state court. The defendants removed the action to federal court and then moved for summary judgment on the grounds that the action was untimely because Winkels had not filed the action within six months. The district court granted summary judgment.

The circuit court, in reasoning essentially identical to that of Judge Murnaghan's dissent in *Cannon,* reversed and concluded that neither *DelCostello* nor *West* mandated the application of Fed.R.Civ.P. 3 to a hybrid action initiated in state court.

My review of *Juliano, Cannon* and *Winkels* persuades me that the correct approach is to follow Judge Curtin's lead, and adopt Judge Murnaghan's dissent and the Eighth Circuit's *Winkels* opinion. I believe the reasoning in these cases is sound and that those courts have adopted the proper approach and interpretation of the Supreme Court's *DelCostello* and *West* opinions. Therefore, as a

matter of law, I apply New York's rules in determining the timeliness of plaintiff Gorwin's § 301/duty of fair representation claims. I now turn to § 306–b.

▪ It is undisputed that plaintiff filed in state court within the six-month statute of limitations, that the matter was dismissed for lack of service and that plaintiff then refiled the action in state court and served the defendants within the second 120 day period provided under § 306–b(b). As stated above, the C.P.L.R. permits the refiling of an action dismissed for failure to serve within the initial 120 day time limit and provides another 120 days in which to serve in compliance with New York's rules governing service. Plaintiff Gorwin, therefore, complied with § 306–b and his action was tolled and is not time barred after removal to this Court.[6]

▪ Although the granting of a motion to strike is unusual, it is not inappropriate in a case such as this where a purely legal question is at issue and discovery would not serve any purpose in furtherance of a resolution of the issue. There are no outstanding facts relevant to the present inquiry. Therefore, plaintiff's request to strike the statute of limitations affirmative defense should be granted.

## B. *Mitigation of Damages*

Plaintiff moves to strike the mitigation of damages defense alleging that the pleadings

are insufficient and that his complaint and responding motion papers establish that he did indeed mitigate damages. Both arguments are insufficient to satisfy his burden on a motion to strike or for summary judgment because issues of material facts are in dispute.

▪ First, the federal rules require that pleadings be "simple, concise, and direct." Fed.R.Civ.P. 8(e). It is well-settled that federal pleadings are liberally construed and do not require the level of detail proposed by Gorwin. The Union has given plaintiff Gorwin and this Court a sufficient, *albeit* succinct, statement on mitigation in satisfaction of Rule 8. The defense states that, "[p]laintiff has failed to mitigate his damages, if any, he may have sustained as a result of any conduct on the part of the Union."

▪ Second, the Union is correct that without discovery the extent of plaintiff's attempts to mitigate is unclear. I am in no position, based on the record and the papers before me, to assess Gorwin's mitigation efforts. Despite plaintiff Gorwin's contentions to the contrary, the Union is entitled to more than his mere statements with respect to these efforts. It would be premature to strike this defense prior to discovery and I deny this request.

## IV. *Conclusion*

For the reasons set forth above, I grant plaintiff Gorwin's Rule 12(f) motion to strike

---

6. Plaintiff argues, in the alternative, that even if I conclude that he has not complied with the six-month statute of limitations, I should consider the limitations period equitably tolled in his case. Although the issues raised by this argument are rendered moot by my decision that the action is not time barred, I will briefly address Gorwin's tolling argument, without reaching a decision.

Plaintiff's argument is twofold. First, he argues that even under federal filing and service rules he would have been able to proceed with his action if he had missed the initial 120 day filing requirement because Fed.R.Civ.P. 4 permits an action to continue if the party establishes "good cause" for failure to comply with the rules regarding service. Gorwin argues his good-faith reliance on § 306–b(b) constituted good cause.

The Union responds correctly that it is well-settled in this circuit that the filing of an action does not toll the statute of limitations beyond the period for service permitted under Rule 4(j). In *Frasca v. United States*, 921 F.2d 450 (2d Cir.

1990), the Court concluded that a Rule 4(j) "dismissal is proper even if it occurs after the expiration of the applicable statute of limitations periods, and its effect is to bar the plaintiff's claim." *Id.* at 453 (citations omitted); *see also McGregor v. United States*, 933 F.2d 156 (2d Cir.1991) (relying squarely on its prior decision in *Frasca* ).

Nevertheless, the Union's and the plaintiff's arguments are without merit as applied in this case because as I discuss in this Order, state and not federal rules apply here. Therefore, Rule 4(j) is of no consequence to Gorwin's § 301 claim.

Second, plaintiff suggests that timely service after commencement of his first state action may have been hampered by forces justifying equitable tolling. However, I note that plaintiff has not proffered any specific evidence or substantial claims of fault or conduct on the part of the defendants which would give me sufficient reason to toll the statute of limitations on equitable grounds.

**124**

the Union's statute of limitations affirmative defense and conclude that plaintiff's action was timely filed. I deny, however, plaintiff's motion to strike the mitigation of damages defense. I cannot say as a matter of law that the defense as set forth in the pleadings is insufficient, redundant, immaterial, impertinent or scandalous, or that there are no issues of material fact in dispute. Based on this Order, plaintiff's request for a stay of discovery is denied and discovery should proceed forthwith.

**SO ORDERED.**