William PRAZAK, Plaintiff–Appellant,

v.

LOCAL 1 INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTS; William C. Wolter; The Stebbins Engineering & Manufacturing Co.; Larry R. Stenstrom; Hensen Masonry & Equipment Co., Inc., Defendants–Appellees.

No. 98–36129

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 2, 2000

Filed Nov. 13, 2000

Ronald K. Melvin, Anchorage, Alaska, for the plaintiff-appellant.

Sarah Josephson & William K. Jermain, Jermain, Dunnagan & Owens, Anchorage, Alaska, for the defendants-appellees.

Before: D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

D.W. NELSON, Circuit Judge:

William Prazak appeals the district court's summary judgment order in favor of the appellees ("the union"). The district court dismissed Prazak's complaint, which was removed from state to federal court, for failing to comply with the six-month federal statute of limitations. We reverse.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

On March 14, 1991, Prazak filed a lawsuit in Alaska Superior Court alleging hiring hall and collective bargaining violations by the union and various employers that deprived Prazak of employment. Prazak's lawsuit was consolidated with a subsequent claim filed on August 2, 1991, alleging violations as late as July 12, 1991.

The superior court initially dismissed Prazak's lawsuit in 1994 for failure to prosecute. The Alaska Supreme Court, however, reversed the dismissal a year later. On December 1, 1995, the superior court ordered the parties to proceed with the case. Two years later, the court notified the parties that it was moving the case to the inactive calendar with an intent to dismiss. Although Prazak moved to continue the case on the inactive calendar, the superior court dismissed the case without prejudice on July 11, 1997. Prazak's motion for reconsideration was denied on August 8, 1997.

On May 22, 1998, Prazak refiled his consolidated complaint in Alaska Superior Court pursuant to Alaska's statutory rule, AS 09.10.240, allowing refiling within one year after the dismissal of a predecessor action. After Prazak refiled, the union removed the case to federal court because the case raised a federal question under § 301 of the Labor Management Relations Act ("LMRA"). The union also moved for summary judgment on the ground that

Prazak's refiled complaint violated the six-month federal statute of limitations for hybrid claims. The district court agreed, granting summary judgment for the appellees on all claims except for a state defamation claim. Prazak timely appealed.

## II. DISCUSSION

This case involves an issue of first impression in this circuit—whether state procedural rules apply to federal question cases that are filed in state court even though there is a six-month federal statute of limitations. We hold if the federal statute of limitations is initially complied with, then state procedural rules apply until the case is removed to federal court.

### A. Federal law

■ Prazak's lawsuit is commonly referred to as a "hybrid" claim because it alleges unfair labor practices by an employer and a union's breach of duty to fairly represent all of its members, implicating both the LMRA, 29 U.S.C. § 185(a) ("§ 301") and the National Labor Relations Act, 29 U.S.C. § 151 et seq. ("NLRA"). Under federal law, a hybrid complaint must be filed within six months of the alleged violation. *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 172, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

In *DelCostello*, the consolidated cases were originally filed in federal court, and they were both dismissed because they failed to meet the state statute of limitations. *See id.* at 155–57, 103 S.Ct. 2281. Justice Brennan, writing for the Court, found that the applicable state statute of limitations (30 or 90 days) in each case "fail[ed] to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights under § 301 and the fair representation doctrine." *Id.* at 166, 103 S.Ct. 2281. Thus, the Court borrowed the six-month statute of limitations from § 10(b) of the NLRA. The Court said:

We stress that our holding today should not be taken as a departure of prior practice in borrowing limitations periods for federal causes of action, in labor law and elsewhere. We do not mean to suggest that federal courts should eschew use of state limitations periods anytime state law fails to provide a perfect analogy. On the contrary, as the courts have often discovered, there is not always an obvious state-law choice for application to a given federal cause of action; yet resort to state law remains the norm for borrowing of limitations periods.

*Id.* at 171, 103 S.Ct. 2281 (citations omitted).

Four years later, in *West v. Conrail*, 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987), the Court limited its holding in *DelCostello*. In *West*, the hybrid claim was originally filed in federal district court within the six-month period but service was not completed according to § 10(b) of the NLRA. *See id.* at 36–37, 107 S.Ct. 1538. The Court held:

The only gap in federal law that we intended to fill in *DelCostello* was the appropriate limitations period. We did not intend to replace any part of the Federal Rules of Civil Procedure with any part of § 10(b) of the [NLRA].... [W]e now hold that when the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been "commenced" in compliance with Rule 3 within the borrowed period.

*Id.* at 38–39, 107 S.Ct. 1538. In a footnote to that last sentence, *West* emphasized that neither its holding nor *DelCostello*'s addressed all cases that end up in federal court:

When the underlying cause of action is based on state law, and federal jurisdiction is based on diversity of citizenship, state law not only provides the appropriate period of limitations but also determines whether service must be effected

within that period.... This requirement, naturally, does not apply to federal-question cases. Indeed, *Walker* expressly declined to "address the role of Rule 3 as a tolling provision for a statute of limitations, whether set by federal law or borrowed from state law, if the cause of action is based on federal law."

*Id.* at 39 n. 4, 107 S.Ct. 1538 (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 n. 11, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980)). Both *DelCostello* and *West* were silent about cases that originate in state court and are subsequently removed because they are based on federal questions.

### B. *Alaska Law*

Under Alaska law, "[i]f an action is commenced within the time prescribed and is dismissed upon the trial or upon appeal after the time limited for bringing a new action, the plaintiff ... may commence a new action upon the cause of action within one year after the dismissal or reversal on appeal." AS 09.10.240. The Alaska Supreme Court has held that this statute applies to cases dismissed for failure to prosecute. *See Smith v. Stratton*, 835 P.2d 1162, 1165 (Alaska 1992).

### C. *Prazak's Hybrid Claim*

 Prazak's case is different than *DelCostello* and *West* because he originally filed his complaint in state court. By filing a hybrid action in state court on August 2, 1991, about violations allegedly occurring as late as July 12, 1991, Prazak initially complied with *DelCostello*'s six-month statute of limitations. After the district court dismissed Prazak's case without prejudice on July 11, 1997, Prazak refiled his complaint in state court on May 22, 1998, in compliance with Alaska's one-year refiling statute. The district court erred in dismissing Prazak's refiled complaint for failing to comply with *DelCostello* and its progeny.

 As a general matter, state procedural rules govern state lawsuits until they are removed to federal court. *See Herb v.*

*Pitcairn*, 324 U.S. 117, 120, 65 S.Ct. 459, 89 L.Ed. 789 (1945); Fed.R.Civ.P. 81(c) (explaining that the Federal Rules of Civil Procedure "apply to civil actions removed to" federal court from state court, but only "govern procedure[s] after removal."); *Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 568 (8th Cir.1989).

We recognize, however, that the circuits are divided on whether this rule applies to hybrid cases. *Compare Winkels*, 874 F.2d at 568 (applying state rules while the action remained in state court) *and Gorwin v. Local 282, I.B.T.*, 838 F.Supp. 116, 122 (S.D.N.Y.1993) (same) *with Cannon v. Kroger Co.*, 832 F.2d 303, 305 (4th Cir. 1987) (refusing to apply state rules to a hybrid action originally filed in state court).

In *Cannon*, the plaintiff commenced her action exactly six months after the alleged violation by making an appearance stating the nature and the purpose of the suit in North Carolina Superior Court. Under the state rules of civil procedure, a court appearance commences the action but allows the plaintiff to postpone filing the actual complaint by 20 days. After the complaint was filed 20 days later, Kroger removed the case to federal court, which dismissed it as time-barred. *See Cannon*, 832 F.2d at 304–05. A divided panel found the Federal Rule of Civil Procedure controlling all procedural matters at the state level because "[t]he application of alternative state law procedures must inevitably intrude into the balance and threaten the goal of uniform adjudication." *Id.* at 306.

We disagree with the Fourth Circuit's opinion that "[t]he Court's announced goal of uniformity would be severely undercut ... if alternative means of computing elapsed time were available." *Id.* at 305. We do not read *DelCostello* and *West* as premised solely on the goal of maintaining uniformity; we merely view them as crafting limited rules in order to facilitate the filing of hybrid actions.

We agree with Judge Murnaghan's dissent that the goal of uniformity is not destroyed by applying state procedural rules while cases remain in state courts. "It is clear that a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court, even though the cause of action arises from federal law." *Cannon v. Kroger Co.,* 837 F.2d 660, 664 (4th Cir.1988) (Murnaghan, J., dissenting from the denial of en banc review). Judge Murnaghan criticized the panel for overlooking (1) that the sixth-month statute had been met because the lawsuit had commenced with the initial appearance; (2) *DelCostello* and *West* are limited holdings; and (3) the import that the lawsuit began in state court. Judge Murnaghan relied on *Herb v. Pitcairn,* 324 U.S. 117, 120, 65 S.Ct. 459, 89 L.Ed. 789 (1945), for the rule that state procedural rules govern state lawsuits. *See Cannon,* 837 F.2d at 664. This reading of *Herb* is based on Fed.R.Civ.P. 81(c), which says that the federal rules of civil procedure "apply to civil actions removed to" federal court from state court, but only "govern procedure[s] after removal." *See id.* Judge Murnaghan concluded:

> The application of state procedural rules to hybrid actions brought in state courts does not in any way undermine the "uniformity" sought by the Supreme Court in *DelCostello* .... The twin purposes of having a six month statute of limitations, prevention of stale claims and repose for the defendant, are not defeated [by relying on the state rule]....

*Id.* at 666.

The Eighth Circuit, in *Winkels,* 874 F.2d at 568, agreed with Judge Murnaghan that state procedural rules control hybrid suits originating in state court. In *Winkels,* the plaintiff served but did not file the state court hybrid lawsuit within the six-month statute. *See id. Winkels* reversed the dismissal of the lawsuit for three reasons: (1) *West* (and *DelCostello*) did not make Fed.R.Civ.P. 3 a substantive rule of federal labor law; (2) "the general rule that state procedural rules govern cases originating in state court until removed to federal court"; and (3) the state procedural rule does not undermine *DelCostello*'s desire for uniformity. *Id.*

Finally, in a district court case remarkably similar to this one, Judge Sotomayor followed Judge Murnaghan and the Eighth Circuit. *See Gorwin v. Local 282, I.B.T.,* 838 F.Supp. 116 (S.D.N.Y.1993). In *Gorwin,* the plaintiff filed a hybrid claim in New York state court. The state action was dismissed without prejudice for lack of service. A month later, he refiled his state action. *See.id.* at 118. State rules provide an additional 120 days to refile an action dismissed without prejudice for lack of service *See id.* at 120. Judge Sotomayor, in refusing to dismiss the complaint, narrowly construed *DelCostello* and *West:* "*West* explicitly left open what rules would apply when an action was commenced or prosecuted in state court in accordance with state rules." *Id.* at 122. Relying on Judge Murnaghan's reading of *Herb* and Rule 81(c), Judge Sotomayor wrote: "When a hybrid action is initiated in state court, however, federal rules do not automatically apply or work to displace state rules." *Id.* Finally, she found that the plaintiff's original lawsuit had complied with the six-month statute.[1]

In this case, we reverse the district court's summary judgment order in favor of the appellees because we agree with the reasoning of the Eighth Circuit, Judge Murnaghan's dissent, and Judge Sotomayor. This case is in line with those opin-

---

1. The appellees rely on *Beck v. Caterpillar,* 50 F.3d 405 (7th Cir.1995), which, like the Fourth Circuit, reads *DelCostello* broadly. *Beck,* however, is clearly distinguishable—the lawsuit in *Beck* originated in federal court and rests on different facts (a voluntary dismissal). *See id.* at 407 ("When, as here, the plaintiff voluntarily dismisses a lawsuit which was brought in federal court, asserts a purely federal claim, and is subject to a federal statute of limitations, state savings statutes do not apply.").

ions because: (1) Prazak initially complied with *DelCostello*'s timing requirements; (2) *DelCostello* and *West* are limited holdings; and (3) state procedural rules govern lawsuits in state court.

The application of state procedural rules to state court lawsuits assumes paramount importance in this case. Both of Prazak's complaints originated in state court. Thus, state procedural rules should have been applied until the case was removed to federal court. The appellees could have avoided the application of Alaska's procedural rules by immediately removing the case to federal court. As a tactical matter, however, the appellees chose to litigate Prazak's initial lawsuit in state court. The appellees must live with that choice.

The application of state procedural rules to this case does not undermine the Supreme Court's holdings in *DelCostello* and *West* or the uniform application of the six-month statute of limitations to hybrid claims. If hybrid-claim defendants want the benefit of the Federal Rules of Civil Procedure and with the assurance that the claim if dismissed will not be refiled under a state procedural rule, then they should immediately remove all hybrid claims filed in state court to federal court.

### III. *CONCLUSION*

Thus, given that Prazak originally filed his lawsuit in state court, that he initially complied with *DelCostello*'s six-month statute of limitations, and that state procedural rules applied while his lawsuit remained in state court, we reverse the district court's summary judgment order for the appellees.

REVERSED.